SILVER V. LUCK.

PRACTICE:   *Judgment on constructive service, etc. :  Issues must be disposed of.*
No personal judgment can be rendered against a defendant upon con-
structive service, when he has not appeared to the action.  Nor can
judgment be rendered without disposing, in some way, of the issues
raised by the defense.

ERROR to *Carroll* Circuit Court.
Hon. J. H. PATTERSON, Circuit Judge.

*S. W. Peel* and *Henderson & Caruth* for plaintiff in error.

Plaintiff was a non-resident, constructively served by
publication, and no personal judgment could be rendered
against him.

This court has jurisdiction to review the judgment and
correct errors which appear upon the face of the record.
*32 Ark., 154; 29 Ib., 37 ; 26 Ib., 536.*

*Clark & Williams* for defendant in error. ·

The record conclusively shows *the appearance of Silver,*
and that he *was in court* when the damages were assessed.
He took no exceptions to the action of the court, took no
bill of exceptions, and can not now be heard to complain.
*25 Ark., 164;  Green's Pl. and Pr., secs. 1136, 448.*

Argue upon the merits, and that while the judgment
should have been *nil dicit* instead of *by default*, yet the dif-
ference is purely formal.

SMITH, J.   This was an action on an attachment bond
against Thrower, Silver and Cameron.  The bond was
given in a case pending before the mayor of Eureka
Springs, sitting as a justice of the peace, wherein Silver
and others were plaintiffs and Mrs. Luck was defendant.
Upon the dissolution of the attachment, Mrs. Luck brought

this action, alleging that the marshal in executing the writ had taken and damaged her furniture, had destroyed her business and compelled her to go to a boarding house and to employ an attorney.

Thrower and Cameron filed a plea of former recovery for the same cause of action and satisfaction of the judgment so recovered.

The record is in some confusion upon the point whether Silver joined in this plea or not. He had been proceeded against as a non-resident and had been brought in by publication of a warning order in a newspaper. But no attachment against him had been prayed for or granted. The record entry shows the filing of an answer by his co-defendants at March term, 1882. And the answer begins: "Come the said defendants, B. K. Thrower and J. H. Cameron, by their attorneys, Peel and Hodge, and for plea and answer to plaintiff's said complaint, say," etc. After Cameron's name, the words "and D. H. Silver" are interlined; but it does not appear when and by whom this interlineation was made. At September term, judgment by default was rendered against Silver, and a jury impanneled, who assessed the plaintiff's damages at $500.

The court evidently proceeded upon the idea that Silver had never appeared to the action. And if such was the case, no personal judgment could be rendered against him upon constructive service. *Gantt's Digest, sec. 4737; Williams v. Ewing, 31 Ark., 229; Goodwin v. Anderson, 17 Ib., 36; Cooper v. Reynolds, 10 Wall., 308; Pennoyer v. Neff, 95 U. S., 714; Coleman's Appeal, 75 Penn. St., 441; Drake on Attachment, 5th ed., secs. 5, 449.*

If, on the contrary, Silver did unite with his co-defendants in a joint answer, then no valid judgment could be given against him until the issue raised by that answer had been, in some way, disposed of. *Hicks v. Vann, 4 Ark.,*

*526, Reed v. Bank of The State, 5 Ib., 193; Alexander v. Stewart, 23 Ib., 18.*

The judgment was, therefore, in any view, erroneous, and must be reversed. Upon the remanding of the cause, Silver is to be regarded as in court, the same as if he had been personally served with process. He has voluntarily made himself a party to the action by prosecuting this writ of error.