Hopkins, Ad., v. Harper et al.

---

HOPKINS, AD., v. HARPER ET AL.

46   251
f87   231

1. APPEAL FROM J. P.: *Waives irregularities before justice.*

Tillar, Stanley & Co. sued the defendants before a justice of the peace
on a note executed by them to Hopkins as administrator of Harrell.
On the day set for trial the administrator was allowed to prosecute
the suit, and filed a formal complaint. The defendants appeared and
insisted that Tillar, Stanley & Co. were interested, and should be
made parties, which was done, and defendants afterwards answered,
and judgment was rendered against them and they appealed to the
circuit court, and there moved to dismiss the action because Tillar,
Stanley & Co. had no interest. They offered to withdraw, and the
administrator insisted on prosecuting the action alone, but the court
dismissed the action. *Held*: Error. That the filing of the com-
plaint by the administrator was a new action, and after the volun-
tary appearance of the defendants and appeal to the circuit court,
the case was there for trial *de novo* on the merits, and Tillar, Stanley
& Co. should have been allowed to retire as parties.

APPEAL from *Desha* Circuit Court.

Hon. JOHN A. WILLIAMS, Circuit Judge.

*McCain & Crawford*, for appellant.

The filing of the amended complaint was the bringing a new suit. *34 Ark.*, *144*. Defendants *voluntarily* appeared and went to trial on the merits. Tillar, Stanley & Co. were made parties on their motion. It was too late to object in the circuit court, and move to dismiss for want of jurisdiction. *4 Ark., 70; 14 ib., 234; 35 ib., 276; 25 ib., 99; 2 ib., 195.*

The case stood for trial *de novo* in the circuit court. If there were any defects, they should have been remedied by amendment. If a party refused to amend, it would be time enough to dismiss. *44 Ark., 377; 35 ib., 445; 44 ib., 482; 35 ib., 276.*

*X. J. Pindall*, for appellees.

Hopkins had no authority to assign the note. *29 Ark., 500.* Tillar, Stanley & Co. then had no interest in the suit, and they could not bring it and transfer it to another.

To allow a party to bring a suit, who had no right to bring it, and then transfer it to another, is a *very liberal* construction of our amendment laws. See *34 Ark., 144.* The note either passed by the assignment, or it did not. If it passed, Hopkins had no interest; if it did not, Tillar, Stanley & Co. had none.

COCKRILL, C. J. Tillar, Stanley & Co. sued the appellees before a justice of the peace upon a promissory note executed by them to Jerry Hopkins, as administrator of

the estate of Jesse Harrell, deceased, alleging that it had been assigned to them. On the day set for trial, the plaintiffs, through their attorneys, asked and were granted leave to permit Hopkins, as administrator, to prosecute the action upon the note. A formal complaint was thereupon filed, by Hopkins, as administrator, against the appellees. The appellees appeared to this action, represented to the court that Tillar, Stanley & Co. were interested in the note, and procured an order directing them to be made parties. Tillar, Stanley & Co. then joined the administrator as plaintiffs, the case was continued for trial until a day in the next month, when the appellees answered, a trial was had and judgment rendered for the plaintiffs. The appellees carried the case, by appeal, to the circuit court, and there moved to dismiss the action, because Tillar, Stanley & Co. had no interest in it. The administrator insisted upon prosecuting the action irrespective of the presence of Tillar, Stanley & Co., but the court would not permit it, and dismissed the action. This was error. The filing of the complaint before the justice, by the administrator was the institution of a new suit, and not a continuation of the action begun by Tillar, Stanley & Co. *State v. Rottaken*, *34 Ark.*, *144*. The appellees voluntarily appeared, and when the case was carried by appeal to the circuit court, it was there for trial *de novo*, upon the merits, rather than for the correction of errors committed by the justice of the peace. The presence of Tillar, Stanley & Co. did not affect the jurisdiction of the court. They are neither necessary nor proper parties to an action by the administrator; they came into the suit at the defendants' instance, and when the defendants subsequently manifested disapproval of their presence, they offered to retire from the action. We think they should have been

allowed to do so, without embarrassment to the administrator.

The judgment must be reversed, and the case remanded, with instructions to reinstate it, and let it proceed as an action by Hopkins, as administrator, against the appellees.