## MAY *v*. HUTSON.

Decided February 21, 1891.

*Exempt property—Schedule—Amendment.*

> A schedule of exempt property filed before a justice of the peace, which is insufficient because it does not set out all the debtor's property nor allege that he is a resident of the State, may be amended in the circuit court on appeal.

APPEAL from *Johnson* Circuit Court.

JORDAN E. CRAVENS, Judge.

Appellee in a justice's court filed a schedule of the property he desired to claim as exempt from execution, under section 3006 of Mansf. Dig., but failed to allege that it contained a complete description of his property, or that he was a resident of the State. Upon appeal to the circuit court he offered to amend the schedule. The court refused to permit the amendment, but held the schedule sufficient.

*Sol F. Clark* for appellant.

The schedule was defective. It does not purport to contain all the debtor's property. Mansf. Dig., sec. 3006; 41 Ark., 249. Nor does it show that he was a resident of the State. 41 Ark., 249.

*Amendment of schedule.* PER CURIAM. The petition for a supesedeas filed by the appellee is defective in two particulars, viz., it does not state that he is a resident of the State, or that it contains a description of all the defendant's property, both real and personal. Without the allegations of both facts, it was insufficient to warrant the issuance of a supersedeas. *Brown* v. *Peters*, 53 Ark., 182. The petition is subject to amendment. If the facts justify it, both defects may be cured by amendment.

Reverse and remand for further proceedings.