## WEAVER *v.* LEATHERMAN.

Opinion delivered February 25, 1899.

PROHIBITION—PRACTICE.—Prohibition will not lie to prevent the chancery court from proceeding in a cause improperly transferred from the circuit court if an appeal would lie, and no irreparable loss to petitioner by its refusal is threatened. (Page 214.)

Petition for Prohibition to Garland Chancery Court.

LELAND LEATHERMAN, Chancellor.

*Greaves & Martin*, for petitioner.

As to when chancery and circuit courts had concurrent jurisdiction before the adoption of the code, see: 6 Ark. 317; *ib.* 79. Where the common-law jurisdiction of chancery was not exclusive, the code does not authorize a suitor to shift his ac-

tion from a court of law to one of equity. Sand. & H. Dig. §§ 5608–9, 5615. Nor will a transfer be allowed as to issues not cognizable in chancery, merely because the answer sets up equitable defenses. Sand. & H. Dig. §§ 5619–20; 44 Ark. 478; 59 Ark. 409; 46 Ark. 273; 49 Ark. 80; 54 Ark. 32; 26 Ark. 59; 47 Ark. 209; 31 Ark. 605. The right of trial by jury extends to all cases where legal, as distinguished from equitable, rights are to be determined. 56 Ark. 391; 48 Ark. 26; 40 Ark. 290; 57 Ark. 589; 32 Ark. 553; 11 N. H. 9; 15 Mich. 322; Sand. & H. Dig. § 5794; 52 Ark. 415; 47 Ark. 209; 48 Ark. 436. The chancellor is without jurisdiction to try this cause, and prohibition is the proper remedy to restrain him. 26 Ark. 51; 56 Ark. 539.

*G. G. Latta,* for respondent and intervenors.

When an equitable defense is filed, the court may, upon motion of the plaintiff, transfer the cause to chancery. 28 Ark. 458; 36 Ark. 238; 26 Ark. 59. Such transfer may be made, though all the defenses are not of exclusively equitable cognizance. 44 Ark. 458. Prohibition is not the proper remedy. The decision of the circuit court should have been reviewed by appeal. 31 Ark. 598; 47 Ark. 205; Leath. Notes, Ark. Stat. 1042–3–4. When an equitable defense is set up, the cause should be transferred. 51 Ark. 198; 13 B. Mon. 365; 14 B. Mon. 91; 15 B. Mon. 172; Sand. & H. Dig. §§ 5615–16; 37 Ark. 185; 35 Ark. 583; 46 Ark. 273; Leath. Notes, 277. The circuit court could have made the transfer *suo moto*. 39 Ark. 251; 49 Ark. 20; Leath. Notes, 1045.

BUNN, C. J. This is a petition for a writ of prohibition against the respondent, Leland Leatherman, as chancellor of the third chancery district, to restrain and prohibit him, as such chancellor, from proceeding further to hear and determine the cause of the First National Bank of Hot Springs, in said district, against the petitioner, Charles H. Weaver.

Said suit of the First National Bank against Charles H. Weaver was on a promissory note for $4,000, signed by Weaver and one Klein, and delivered to the bank, instituted 15th of September, 1896, in the Garland circuit court. On the 30th of September, 1896, Weaver filed his answer to the complaint in

said circuit court, alleging, by way of defense therein, that said note was executed by petitioner, but without consideration, and for the accommodation of said bank; and on the 20th of November, 1896, said Weaver filed his amendment to his said answer, in which he averred, by way of defense to said action, that the note sued on was the final note of a series of notes given seriatim in renewal of an original note executed on the 5th day of December, 1894, and that said (original) note was accepted by the plaintiff bank for the fraudulent purpose of covering an indebtedness of one Ed. Hogaboom, the president and a stockholder and director of plaintiff, which indebtedness was in excess of the amount lawful to be loaned by plaintiff, under the laws of the United States (it being a national bank) to any stockholder of plaintiff; alleging also that said bank, well knowing the indebtedness to it to be that of Hogaboom, and that he was insolvent, had negligently failed to collect or receive the money due it thereon, when it had an opportunity so to do, and in this way had released petitioner from all liability on said note, reference being made to the amended answer in said suit for a fuller statement of Weaver's defense therein.

To the answer and amended answer in said suit the plaintiff demurred, and also moved to strike out; and, both being overruled on November 13, 1897, thereupon the plaintiff bank, on said 13th of November, 1897, filed its motion to transfer the cause to the chancery court of Garland county, assigning as grounds therefor "that it would be necessary in the trial of the cause to examine the accounts of said bank with Hogaboom, covering a period of two years, which examination would necessarily be tedious, voluminous and intricate; that the circuit court had no authority to refer the accounts to a master; and that, under the pleadings, the cause should be transferred to equity, and an examination be had by a master,"—referring to the motion to transfer for a fuller statement of the grounds thereof. Therefore the transfer was ordered by the circuit court, over the objections and exceptions saved by the defendant.

Subsequently the defendant appeared in said chancery court, to which the cause had been transferred as aforesaid, and renewed his objections, by way of objection to the juris-

diction of said court to hear and determine the same, and asked that the same be remanded back to the circuit court, which, he contended, alone had jurisdiction, and in which alone he could properly and effectually assert all his legal rights as a defendant. The chancellor refused to remand the cause, and thereupon, after making and having noted his exceptions, Weaver, having given due notice, filed this petition before us for writ of prohibition as aforesaid, and the said chancellor duly responded thereto, and the matter was submitted to us.

The writ of prohibition is not a writ of right, but of discretion in the supervisory court, and, "like all other extraordinary remedies, prohibition is granted only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law. The doctrine holds good, even though the order of the court which is sought to be stayed or prevented is erroneous. * * * It follows necessarily from the doctrine laid down in the preceding section that the writ will not be allowed to take the place of an appeal, nor will it be granted as an exercise of purely appellate jurisdiction. In all cases, therefore, where the party aggrieved may have ample remedy by appeal from the order or judgment of the inferior court, prohibition will not lie, no such pressing necessity appearing in such cases as to warrant the interposition of this extraordinary remedy, and the writ not being one of absolute right, but resting largely in the sound discretion of the court. Thus, when the defendant in an action instituted in an inferior court pleads to the jurisdiction of such court, and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the cause." High, Extraordinary Leg. Rem. §§ 770, 771.

No pressing necessity for the extraordinary relief prayed for appearing, and no irreparable loss threatening the petitioner, this case falls under the general rule laid down in the above

quotations; and therefore, without going into a discussion of the question of when a case should be heard at law, or when it should be heard in equity, when the one court has jurisdiction of a particular matter, and another court has not jurisdiction, the writ is denied in this case, because there is a complete and adequate remedy by appeal, and that remedy the petitioner is privileged to pursue, from all that appears to the contrary.

Prayer of petition denied.