CARDEN v. BAILEY.

Opinion delivered July 13, 1908.

1.  APPEARANCE—FILING AFFIDAVIT AND BOND FOR APPEAL—Where a de-
fendant filed an affidavit for appeal from a judgment of a justice of
the peace and gave an appeal bond, he and his sureties will. be held
to have entered their appearance in the circuit court, and will not be
heard to object to the want of service in the inferior court. (Page
231.)

2.  APPEAL TO CIRCUIT COURT—FAILURE TO PROSECUTE.—One who appeals
from a justice of the peace should see that the transcript is lodged
with the circuit clerk as the law requires, and upon failure to do so
it is in the discretion of the circuit court to dismiss the appeal
or affirm the cause for failure to prosecute. (Page 231.)

Appeal from Pulaski Circuit Court, Second Division; *Ed-
ward W. Winfield,* Judge; reversed.

STATEMENT BY THE COURT.

This is an action of attachment instituted against appellee on
July 25, 1905, in a justice of the peace court. Defendant was
alleged to have left the State; therefore a warning order was is-
sued, and proof of publication filed with the justice. A personal
judgment was, on the 25th day of September, 1905, rendered
against defendant by the justice of the peace.

On the 6th day of October, 1905, the defendant filed an affi-
davit for appeal to the circuit court; also an appeal bond in the
sum of $60, with T. G. Malloy and John Barrow as sureties
thereon.

On the 25th day of September, 1907, the defendants having
failed to file transcript from the lower court to the circuit court,
the plaintiff filed said transcript and asked the affirmance of the
judgment of the lower court against the defendants and their
sureties on the appeal bond. The court refused to affirm the
judgment and gave judgment for defendants.

*E. M. Merriman,* for appellant.

1. It was the duty of appellees to file their transcript for
appeal on or before the first day of the circuit court next after
the appeal was allowed. Kirby's Dig. § 4670; 31 Ark. 268; *id.*
550; 32 Ark. 292; 29 Ark. 85. Having failed to do so, appellant
had the right to file a transcript and ask for an affirmance of
the judgment, and the only matter for the circuit court to pass

upon was in its discretion to determine whether to dismiss the appeal or affirm the judgment. Kirby's Dig. § § 4671, 4672.

2. If there was any defect of service, it was cured by appearing in court and filing affidavit and bond for appeal. 35 Ark. 95; 7 Ark. 100; 11 Ark. 604.

*John Barrow* and *T. G. Malloy,* for appellee.

No personal service having been had upon the defendant, and he not having appeared, the justice of the peace had no jurisdiction to render a personal judgment against him. His act in praying an appeal after the judgment was rendered was not such a substantive act as to give the justice of the peace jurisdiction, or give validity to a void judgment. Kirby's Dig. § 6264; 1 Cranch (U. S.) 175; 90 Minn. 166; 2 Ark. 26; 51 Ark. 450; 39 Ark. 352; 4 Ark. 478; 5 Ark. 517; *id.* 28; 42 Ark. 268. On appeal from a justice of the court, the circuit court acquires only such jurisdiction as the justice had, and can render only such judgments. 77 Ark. 234; 85 Ark. 444; 44 Ark. 377; 20 Ark. 16. A judgment void for want of jurisdiction is not cured by the appearance of the party for the purpose of vacating it. 8 Cal. 562; 39 Ark. 347. Want of jurisdiction may be pleaded when sought to be enforced or when any benefit is claimed under it. 48 Ark. 151.

WOOD, J., (after stating the facts). The filing of the affidavit and bond for appeal by the appellees was such a substantial act as to constitute an appearance to the proceedings, and gave the circuit court jurisdiction of the persons of appellees on appeal. See *Holloway* v. *Holloway,* 85 Ark. 431; *St. Louis, I. M. & S. Ry. Co.* v. *State,* 68 Ark. 561; *Silver* v. *Luck,* 42 Ark. 268. The perfecting of the appeal from the justice of the peace gave the circuit court jurisdiction of the cause. *Harrison* v. *Trader,* 29 Ark. 85, 97. In the circuit court on appeal from the justice's court, the cause is tried *de novo,* on its merits. The appellees could not object in the circuit court, on appeal from the justice's court, to the want of service of summons in the latter court. *Kansas City, S. & M. Rd.* v. *Summers,* 45 Ark. 295; *Hopkins* v. *Harper,* 46 Ark. 251.

It was the duty of the justice of the peace, on or before the first day of the next term of the circuit court after the appeal had

been allowed by him, to file in the office of the circuit clerk a transcript of his docket entries and the process and papers in the suit. Section 4670, Kirby's Dig. It was the duty of appellees here to see that the transcript was lodged with the circuit clerk as the law requires, and upon failure to do so it was in the discretion of the circuit court to dismiss the appeal or affirm the cause for the failure to prosecute. *Wilson* v. *Stark,* 48 Ark. 73; *Smith* v. *Allen,* 31 Ark. 268; *McGehee* v. *Carroll,* 31 Ark. 550; *Hughes* v. *Wheat,* 32 Ark. 292.

It was to call forth this discretion of the court that appellant filed the transcript from the justice docket, and moved for an affirmance of judgment of the justice. He was entitled to the relief asked. *Wilson* v. *Stark, supra.*

The court erred in rendering judgment for the appellees. The judgment is therefore reversed, and judgment is rendered here in favor of appellant against appellee for the amount of the judgment of the justice of the peace, with interest thereon from the day of its rendition.