## JONES v. COFFIN.

### Opinion delivered October 31, 1910.

1.  PROHIBITION—JURISDICTION OF SUPREME COURT.—The Supreme Court may issue writs of prohibition by virtue of its superintending control over inferior courts, and in aid of its supervisory jurisdiction, when they are proceeding without jurisdiction. (Page 336.)

2.  COURTS—APPEAL TO CIRCUIT COURT—DUTY OF COUNTY CLERK.—Where the clerk of the circuit court has granted an appeal to that court in a proceeding pending in the county court, as authorized by Kirby's Digest, § 1487, it is the duty of the county clerk to transmit all of the original papers and a transcript of the record entries to the clerk of the circuit court, whether the appeal was properly granted or not. (Page 337.)

3.  SAME—APPEAL FROM COUNTY COURT—AUTHORITY OF CIRCUIT COURT.— Where an appeal has been granted from the county to the circuit court by the circuit clerk, the latter court has jurisdiction to pass upon the questions whether it has jurisdiction to hear the cause on appeal, and who are the parties thereto, and to issue a rule upon the county clerk to require him to bring up all the papers in the cause. (Page 338.)

4.  SAME—APPEAL FROM COUNTY TO CIRCUIT COURT—DUTY OF COUNTY CLERK.—It is the duty of the county clerk to obey the order of the circuit court directing him to transmit the original papers in a cause appealed from the county to the circuit court though he had been ordered by the county court not to do so; and if in so doing he should be adjudged guilty of contempt by the county court, such judgment would be void. (Page 338.)

5.  APPEAL AND ERROR—WHEN APPEAL LIES.—Where the circuit court erroneously decides that it has jurisdiction of an appeal from the county court, the remedy is by appeal. (Page 338.)

6.  PROHIBITION—RIGHT TO REMEDY.—Though a county clerk could not have appealed from a decision of the circuit court on appeal from the county county if he was not a party to the record, an erroneous decision of the circuit court as to its jurisdiction could not affect him, so as to entitle him to the writ of prohibition, or to authorize him to disobey the orders of the circuit court as to transmitting the papers in a case appealed from the county court. (Page 339.)

7.  SAME—WHEN WRIT GRANTED.—The writ of prohibition is never granted unless the inferior tribunal has clearly exceeded its authority and the party applying for it has no other protection against the wrong that would be done by such usurpation. (Page 339.)

Prohibition to Jackson Circuit Court; *Charles Coffin,* Judge; writ refused.

This is an application for a writ of prohibition directed to the judge of the circuit court of Jackson County. The application is made by J. S. Jones, clerk of the county court of Jackson County. The petitioner alleged that he was county clerk; that three-mile petitions had been filed with him as such clerk; that the county court of Jackson County had made an order prohibiting the clerk of that court from permitting any person to inspect the three-mile petitions until the further orders of the county court; that said order was still in force; that thereafter the three-mile petitions by C. West and others were presented to the county court for its action, and the same were heard by the court, and the court granted the prayers thereof. That, after the order had been made, A. D. Bailey and H. C. Sanders filed a motion asked to be made parties to the prohibitory proceedings for the purpose of resisting the order, and the court denied the order for the reason that the county court had already given its decision and granted the prayer of the petitions; that thereafter A. D. Bailey and H. C. Sanders filed in the county court a paper purporting to be a motion asking the court to set aside the prohibitory order and to grant them a rehearing; that the court overruled the motion because neither A. D. Bailey nor H. C. Sanders had been made a party to the prohibitory proceedings, but the court proposed to grant them an appeal from the order refusing to make them parties to the prohibitory proceedings provided they made the proper affidavit therefor; that A. D. Bailey and H. C. Sanders had never appealed from the orders of the county court; that they were never parties to the prohibitory proceedings, and therefore they have no right to view an l inspect the papers and petitions in said proceedings, and that the petitioner, the county clerk, was still under the restraint and order of the county court forbidding him to allow any one to view or inspect said three-mile petitions.

The petitioner further alleged that thereafter A. D. Bailey and H. C. Sanders appeared before the clerk of the circuit court of Jackson County in vacation, and secured from the said clerk a purported order for appeal from the prohibitory order of the county court in the matter of C. West and others; that thereafter A. D. Bailey and H. C. Sanders filed a paper in the cir-

cuit court of Jackson County purporting to be a motion for a rule on the county clerk of Jackson County, petitioner herein, to bring up the papers, books, etc., in the prohibitory proceedings in the county court in the matter of C. West and others, for use in the purported appeal allowed by the circuit clerk to A. D. Bailey and H. C. Sanders; that the petitioner herein filed his response to the purported motion for rule on him to bring up the papers, petitions, books, etc, and in his response he set up the order of the county court prohibiting him from allowing said petitions to be inspected by any person whomsoever, except parties in interest, and that said order was still in force; that, as A. D. Bailey and H. C. Sanders had been declared by the county court not to be parties in interest, they were not entitled to see or inspect the petitions; that in his response to the motion for rule the petitioner herein pleaded to the jurisdiction of the circuit court over said matter of the prohibitory proceedings under the purported appeal allowed by the clerk of the circuit court in vacation as above mentioned. The petition further alleged that the purported motion for rule was granted, and that the circuit judge, in ruling upon said purported motion, declared his intention to compel the county clerk, petitioner herein, to respond to the rule, and announced that, if petitioner refused to comply with the order to bring up the papers, etc., he would be confined in jail.

Petitioner then alleged that the circuit court was without jurisdiction to proceed under the purported appeal granted by the circuit clerk, and is proceeding to exercise jurisdiction notwithstanding, in making the rule on petitioner and in holding him to be in contempt of the court, should he refuse to comply with the rule. The petitioner then set forth that he would be in contempt of the order of the county court above mentioned if he did comply with the rule and order of the circuit court, and would be subject to fines for contempt by the county court.

The petitioner alleged that he had no adequate remedy by appeal from the order of the circuit court if he refused to obey same. He therefore prayed for a temporary restraining order against the circuit court proceeding in the matter until his petition could be heard, and upon final hearing that the circuit court be prohibited from proceeding under the purported appeal of A. D. Bailey and H. C. Sanders, in the prohibitory proceed-

ings instituted by C. West and others. Upon the presentation
of this petition to one of the judges in vacation asking a temporary
restraining order, he fixed the time for the final hearing of the pe-
tition on September 26, 1910, by the full court, and directed notice
to be given to the judge of the circuit court of Jackson County
of the petition and the final hearing thereof on the above day,
and in the meantime granted a temporary restraining order,
under section 5161 of Kirby's Digest, to prevent any injury
to the petitioner until his petition could be decided. On the day
set for the final hearing the circuit judge for the Jackson Circuit
Court filed his demurrer and response to the petition. The de-
murrer set up, first, that a judge of this court had no jurisdic-
tion in vacation to prohibit the Jackson Circuit Court from pro-
ceeding to hear the case pending before him fully upon its
merits on the appeal; second, that this court had no jurisdiction
to prohibit the circuit court from proceeding to hear the case
pending before it on appeal upon its merits.

The response set forth that an appeal in due form of law
was taken and granted by the clerk of the circuit court of
Jackson County pursuant to sections 1487 to 1492 of Kirby's
Digest, inclusive; that notice of said appeal was duly served
upon C. West for himself and others as to the appeal, and notice
was also given ten days before the beginning of the term of
this court to J. S. Jones as county clerk that a rule would be
asked upon him to make a transcript of all the original papers,
etc., according to section 1489 of Kirby's Digest. Thereupon
upon petition for such rule upon the county clerk the matter
was taken under consideration for some time, and it was stated
by the appellants to the circuit court that they expected to show
by evidence at the proper time the facts which appear in the
affidavit of M. M. Stuckey, which is attached to the response.
The respondent then announced his ruling to the effect that
the rule should go for the whole record and original papers
to come up before the circuit court. The rest of the response
contains the reasons of the circuit judge as to why he thought
the rule should go, and cites authority which in his view sup-
ported his decision, but it is unnecessary to set forth more of
the response.

*O. W. Scarborough, John B. McCaleb, Ira J. Mack* and *Jones & Campbell,* for petitioner.

Bailey and Sanders were not parties to the original proceedings, and from the order of the county court refusing to make them parties after it had granted the prohibitory order, they had the right of appeal, but did not. They had no right of appeal from the prohibitory order, and neither the county court, circuit clerk nor circuit court could grant an appeal to them. 52 Ark. 99; 71 Ark. 84; 20 Ark. 561; 28 Ark. 480; 91 Ark. 595; 85 Ark. 304; 77 Ark. 586.

The circuit court acquired no jurisdiction, and prohibition is the proper remedy. 155 U. S. 524; 91 Ark. 527, 533; 1 Black on Judgments, § 278; *Id.* § 218; 73 Ark. 66.

*Respondent, pro se.*

1. Demurs to the petition because (1) a judge of this court, and (2) the court, has no jurisdiction or authority to issue the writ or to restrain, enjoin or prohibit the circuit court or respondent from proceeding to hear the case fully upon its merits on the appeal.

2. It was proper to issue a rule against the petitioner to produce and file the original papers. When an appeal is taken, the whole record is to be sent up to the circuit court. Kirby's Digest, § 1489; 91 Ark. 85.

3. Neither this court nor any of its judges has power to grant an injunction unless it be an ancillary injunction in aid of its appellate jurisdiction. 39 Ark. 82. The court, and not an individual member thereof, has power to hear and determine mandamus, and *other remedial writs. Id.* Authority to review or set aside an order or judgment of a circuit judge is supervisory and is invested exclusively in the Supreme Court, not in any judge thereof. 122 S. W. (Ark.), 631. The writ of prohibition is never granted unless the inferior court has clearly exceeded its authority, and then only when the party applying for it has no other protection. 33 Ark. 191.

WOOD, J., (after stating the facts). 1. Under section 4, article 7, of the Constitution of Arkansas the Supreme Court has "a general superintending control over all inferior courts of law and equity;" its jurisdiction over these courts is appellate and supervisory. "In aid of its appellate and supervisory juris-

diction, it shall have power to issue writs of * * * prohibition." *Carr* v. *State,* 93 Ark. 585. This court may issue writs of prohibition by virtue of its superintending control over inferior courts and in aid of its supervisory jurisdiction over these courts, when they are proceeding without jurisdiction. *Reese* v. *Steel,* 73 Ark. 66; *Hanger* v. *Keeting,* 26 Ark. 57; *Russell* v. *Jacoway,* 33 Ark. 191.

2. · It appears from the petition and the exhibits thereto and the allegations of the response that an appeal had been granted by the circuit clerk to "A. D. Bailey and H. C. Sanders in the matter of C. West and others, praying for an order prohibiting the sale of liquors, etc., within three miles of the public school house on block No. 3 of Hirsch's Second Addition to Newport." This appeal was granted by the clerk of the circuit court of Jackson County under the authority of section 1487 of Kirby's Digest, which provides:

"Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court, at any time within six months after the rendition of the same, either by the court rendering the order or judgment or by the clerk of the circuit court, with or without supersedeas, as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court rendering the judgment or order appealed from, or the clerk of the circuit court, shall forthwith order an appeal to the circuit court, at any time within six months after the rendition of the judgment or order appealed from, and not thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him."

In the order granting the appeal the circuit clerk directed the clerk of the county court "to forthwith make a transcript of all the proceedings, and transmit the same, together with all papers, books, etc., now on file in his office in said cause, above-mentioned, to the Jackson Circuit Court. Under section 1489 of Kirby's Digest, after the appeal had been granted by the clerk of the circuit court, the clerk of the county court had

no option or discretion in the matter. His duty, in the language of the statute, was to "transmit all of the original papers and a transcript of the record entries in the cause to the clerk of the circuit court." The appeal having been granted under the statute, it was wholly immaterial, so far as the jurisdiction of the circuit court was concerned, whether the appeal was properly or improperly granted.

By virtue of the appellate jurisdiction given it over the county court (art. 7, sec. 14, Const.), the circuit court had the power to inquire into the subject-matter of the appeal from the county court that had been granted by the circuit clerk under the authority of section 1487, *supra.*

The circuit court, by virtue of its appellate jurisdiction, had power to determine whether it had jurisdiction to proceed to hear the cause on appeal. The question of its own jurisdiction would be for the circuit court itself to pass upon, *in limine.* It was clearly within the power, and was the province and duty, of the circuit court to issue the rule on the clerk of the county court to bring up all the papers in the cause in which the appeal had been granted by the circuit clerk. This the circuit court could and should have done to enable it to determine whether it had acquired jurisdiction to proceed in the cause. It could not have intelligently passed upon the questions presented without having all the papers before it.

When an appeal is taken, the whole record and all the original papers should be sent to the circuit court. Section 1489, *supra.* See also *Williamson* v. *Rutherford,* 91 Ark. 85.

As to whether or not the appeal had been erroneously granted by the clerk of the circuit court, and whether or not A. D. Bailey and H. C. Sanders were parties to the prohibitory proceedings in the matter of C. West and others, were questions for the determination of the circuit court in deciding as to whether it had jurisdiction to proceed to try the cause on appeal. Bailey and Sanders claimed that they were parties to the prohibitory proceedings. Whether they were or not was a question for the circuit court in determining its jurisdiction. If the court erroneously decided the question as to its jurisdiction to proceed with the cause, the remedy to the party aggrieved was by appeal. *Kastor* v. *Elliott,* 77 Ark. 148.

While the petitioner herein was not a party to the record, and hence could not have appealed, still an erroneous decision as to jurisdiction could in no manner have affected him. It was his duty to obey the order of the circuit court; and if by so doing he had been adjudged guilty of contempt by the county court, such judgment of the county court would have been void, and petitioner's remedy against it adequate and complete.

The writ of prohibition "is never granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done by such usurpation." *Russell* v. *Jacoway,* 33 Ark. 191. See *Weaver* v. *Leatherman,* 66 Ark. 211; *Reese* v. *Steel,* 73 Ark. 66.

Petitioner had no right to the writ of prohibition, and his application for such writ is therefore denied, and his petition dismissed.