### HART v. LEQUIEU.

#### Opinion delivered November 24, 1913.

APPEAL FROM JUSTICE OF PEACE—DELAY IN PERFECTING—EXCUSE.—Where an appeal from a judgment of a justice is not filed in time, as required by Kirby's Digest, § 4670; but when filed, is dismissed by the court, it is the duty of the circuit court to hear and pass upon the merits of the appellant's excuse upon the question of his delay in perfecting the appeal.

Appeal from Pulaski Circuit Court; *Guy Fulk,* Judge; reversed.

#### STATEMENT BY THE COURT.

This was an action brought by the appellees in the court of a justice of the peace to enforce a laborer's lien against a certain crop of vegetables in the possession of appellant. On December 20, 1912, which was the return day of the summons and attachment, the case was tried and judgment rendered in favor of appellees for the sum of $299.99 and the attached property was ordered sold in satisfaction of this judgment. Appellant filed an affidavit and bond for an appeal on the 30th day of December, 1912, and demanded a transcript of the case from

the justice of the peace and paid the fee therefor. The transcript was not filed by the justice of the peace until the 13th day of March, 1913. This was ten days after the beginning of the first term of the court after the trial in the justice's court, and the appeal was dismissed on the day the transcript was filed. In fact the transcript appears to have been filed by appellees on that day for the purpose of making this motion, and enforcing the judgment of the justice of the peace. Appellant filed a motion for the reinstatement of this appeal on the 15th of March, 1913, which motion contained the following recitals: That the appeal had been taken in apt time and the necessary fees paid therefor and a proper appeal bond executed and filed with the justice of the peace. That appellant had called several times at the office of the justice of the peace to procure the transcript for filing with the clerk of the circuit court, and had been repeatedly told that the transcript would be prepared and filed on or before the 1st day of the ensuing March term of the Pulaski Circuit Court. That the last visit to the justice of the peace was on the 20th day of February, at which time appellant was again informed that he would see that the transcript was filed in apt time. The motion further alleged that during the latter part of November appellant's manufacturing plant was destroyed by fire, and that owing to the inaccuracy of his records he was forced to travel over considerable territory to procure proper inventories in order to adjust his losses, and that during the month of February, his little child was burned to death at his home and that since that time his wife had been suffering with nervous prostration and required his constant attention, so he had been unable to look after his business duties.

The motion to reinstate this appeal was overruled by the court on the 12th of April and the order of the court made thereon reads as follows:

"On this day, defendant's motion to set aside the order of dismissal heretofore rendered herein now coming on to be heard, same is submitted to the court, after

argument of counsel; and the court, being well and suffi-
ciently advised, doth overrule said motion, on the ground
that the court has no jurisdiction.''

*Jones & Owens,* for appellant.

The court had jurisdiction to reinstate the cause
for hearing and disposition upon the merits, upon a
proper showing by the appellant. To this end it was the
duty of the court, at the least, to consider the merits of
the motion to reinstate the appeal, and the refusal to do
so was such an abuse of discretion as to constitute re-
versible error. 41 Ark. 259; 32 Ark. 292; 96 Ark. 555;
48 Ark. 73.

It is the duty of the justice of the peace to lodge the
transcript with the clerk on the day required by law. 31
Ark. 550. And his failure to do so will not prejudice the
appellant where the latter has himself conformed to the
requirements of the law. 50 Ill. 420; 28 Ind. 121.

*Laurence C. Maloney,* for appellee.

Where the appellant fails to see to it that the tran-
script is filed as required by law, the circuit court may
in its discretion dismiss the appeal. 31 Ark. 268; *Id.*
550; 32 Ark. 292; 48 Ark. 76.

SMITH, J., (after stating the facts). Section 4670 of
Kirby's Digest reads as follows:

''On or before the first day of the circuit court next
after the appeal shall have been allowed, the justice shall
file in the office of the clerk of such court a transcript of
all the entries made in his docket relating to the cause,
together with all the process and all the papers relating
to such suit.''

This section has been construed in several cases and
it has been held that while the statute makes it the duty
of the justice of the peace to file the transcript in the
clerk's office within the time prescribed, it is neverthe-
less incumbent on the appellant to see that this is done—
that he must prosecute his appeal. *Hughes* v. *Wheat,* 32
Ark. 292.

That case holds that although the provisions of this

section are directory, they can not be ignored, and other cases hold that where the transcript is not filed within the time limited by the law, the appeal should be dismissed in the absence of a satisfactory explanation of this failure. "It is the duty of the appellant to see that his appeal was perfected in time; and when no diligence on his part was shown, nor excuse for the delay, the appeal should have been dismissed, or the judgment of the justice of the peace affirmed." *Smith* v. *Allen,* 31 Ark. 268; *McGehee* v. *Carroll,* 31 Ark. 550; *Wilson* v. *Stark,* 48 Ark. 73; *Bates* v. *Mitchell,* 96 Ark. 555.

The court did not undertake to pass upon the sufficiency of the excuse for failing to file the transcript, but dismissed the cause, as stated in the record, for the want of jurisdiction. This was error, for the court had the jurisdiction to set aside an order of dismissal made at the same term of court. *McPherson* v. *Consolidated Casualty Co.,* 151 S. W. 283, 105 Ark. 324.

We do not know the court's view of the sufficiency of the showing for the reinstatement of the appeal, when considered upon its merits, and we will not therefore undertake to pass upon that question.

The judgment will be reversed and the cause remanded with directions to the court below to pass upon the motion to reinstate the appeal upon its merits.