## POLK *v.* SPARKS.

Opinion delivered November 30, 1914.

APPEALS FROM JUSTICE COURT—FOR TRIAL, WHEN.—An appeal from a
judgment of a justice's court was granted on March 27, 1912, and
the circuit court convened on April 1, 1912.  *Held,* under Kirby's
Digest, § 4670, the case did not stand for trial at that term of the
circuit court, in the absence of an agreement to the contrary.

Appeal from Clay Circuit Court, Western District;
*W. J. Driver,* Judge; affirmed.

*Appellants, pro se.*

This court has repeatedly held that the transcript
of the justice of the peace must be filed "on or before
the first day of the circuit court next after the appeal
shall have been allowed" by him, and that it is the duty
of the appellant to see that the statute is complied with.
Kirby's Dig., § 4670; 31 Ark. 268; *Id.* 550; 32 Ark. 292;
87 Ark. 230; 112 S. W. 743; 161 S. W. 201.

*J. S. Jordan,* for appellee.

The appeal was allowed by the justice of the peace just three days before the time for the first division of the circuit court of Clay County, Western District, was fixed by the act to convene. Acts 1911, p. 110, § 8. Section 7 of the act provides that all appeals to the circuit court in that circuit shall stand for trial in the proper division, ten days after such appeal shall be perfected. See also Kirby's Dig., § 4678. This appeal did not stand for trial at the April term, 1912, but at the succeeding October term, 1912. 157 Ill. 267.

HART, J. Appellee executed a mortgage to appellants on certain personal property to secure an indebtedness for $250.00 due by him to them. This suit is an action of replevin by appellants against appellee to recover the property embraced in the mortgage. Appellant recovered judgment before the justice of the peace and appellee appealed to the first division of the circuit court of Clay County for the Western District. The appeal was granted on the 27th day of March, 1912, and the first division of the circuit court of Clay County for the Western District convened on the 1st day of April, 1912, three days afterward. The justice of the peace filed the transcript in the office of the clerk of the circuit court on the 28th of September, 1912. The next term of the first division of the circuit court after the one that convened on the 1st day of April, 1912, convened on the 28th day of October, 1912. Appellants, who were plaintiffs in the court below, filed their motion to dismiss the appeal because the transcript of the justice of the peace was not filed in circuit court before it convened on the 1st day of April, 1912. The court overruled the motion and the case was tried anew in the circuit court. There was a verdict and judgment in favor of appellee and, to reverse that judgment, appellants have prosecuted this appeal.

The sole ground relied upon by appellants for the reversal of the judgment is that the court erred in refusing to sustain their motion to dismiss the appeal. They rely on section 4670 of Kirby's Digest, which provides

that on or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court, a transcript of all the entries made in his docket relating to the case, together with all the process and all the papers relating to such suit.

It will be noted, however, that section 4678 of Kirby's Digest provides that all appeals allowed ten days before the first day of the term of the circuit court next after the appeal is allowed shall be determined at such term unless continued for cause.

Clay County is in the Second Judicial Circuit and there is an act which regulates the practice in such circuit. Section 7 of such act provides that all appeals to the circuit court in said circuit shall stand for trial in the proper division, ten days after such appeal shall have been perfected. See General Acts of 1911, page 112.

It will be noticed that section 7 of the act regulating the practice in the Second Judicial District is substantially the same as section 4678 of Kirby's Digest.

This court, in passing upon section 4670 of Kirby's Digest, has held that when an affidavit for appeal from the judgment of a justice of the peace is filed, the judgment superseded and the appeal is not perfected until the time prescribed by the statute has expired and a satisfactory excuse is not given for the delay, the judgment of the justice may be affirmed by the circuit court. *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201, and cases cited; *Wilson* v. *Stark,* 48 Ark. 73.

It will be noticed that the first term of the circuit court of Clay County for the Western District convened three days after the appeal was granted by the justice of the peace. Under the practice act for that circuit, as well as section 4678 of Kirby's Digest, the case would not stand for trial at that term of the court because ten days did not elapse after the appeal was granted before the first term of the circuit court convened. When all the sections bearing on the question are considered together, it is evident that they mean that the circuit court in a

case where the appeal has been granted and ten days has elapsed thereafter before the next term of the circuit court begins, shall on motion dismiss the appeal unless a satisfactory excuse is given for the delay. But they do not mean that the circuit court shall dismiss the appeal when it is less than ten days before the court meets, if the case does not stand for trial at that term of the court. Of course the appeal may be perfected and by consent of the parties the court may have jurisdiction to try the case at a term of the court where the appeal was taken less than ten days before the term commenced, but in the absence of such consent the case would not stand for trial at that term of the court and the court would not err in refusing to dismiss the appeal because it was not filed before the commencement of the term at which the case would not stand for trial.

In the case of *Vallens* v. *Hopkins*, 157 Ill. 267, the court held that under section 68, chapter 29, of the Revised Statutes, no jurisdiction to proceed at the term is obtained by the appellate court of an appeal from a justice's judgment taken by filing the bond with the justice, unless the transcript is filed ten days before the term begins. The Illinois statute is in all essential respects similar to section 4678 of Kirby's Digest and section 7 of the acts of 1911, above referred to. In the Illinois case, the court quoted with approval from *Hayward* v. *Ramsey,* 74 Ill. 372, as follows: "The language of this section so plainly excludes a trial of such an appeal perfected before a justice of the peace unless there has intervened at least ten days before the first day of the term to which the appeal is taken, that we are unable to see how anyone could mistake its meaning. * * * Although the parties are bound to follow their case to the circuit court where the appeal is perfected before the justice, without further notice, still there must intervene ten days from the perfecting of the appeal until the first day of the next term of the appellate court.

We are of the opinion that the court did not err in refusing to dismiss the appeal because it was not per-

fected before the commencement of the term of the court at which it did not and could not stand for trial under the statute. Appellee perfected his appeal from the justice court in time to have the case noted for trial at the term at which it stood for trial.

Therefore the judgment will be affirmed.