GEO. E. KEITH COMPANY v. JANUARY.

Opinion delivered November 26, 1917.

1. APPEALS FROM JUSTICE COURT—PERFECTING SAME—DUTY OF PARTY APPEALING.—On appeal from justice court, it is the duty of the party appealing to see that his appeal is perfected properly and in time. While the statute makes it the duty of the justice to file the transcript, it is nevertheless the duty of the party appealing to see that it is done.

2. APPEAL FROM JUSTICE COURT—LACK OF DILIGENCE.—Where the transcript is not lodged on or before the first day of the term of the circuit court next after the appeal is allowed, and no excuse for the delay is shown, the circuit court may dismiss the appeal or affirm the judgment for the lack of the proper diligence on the part of the appellant in prosecuting his appeal.

Appeal from Benton Circuit Court; *J. S. Maples,* Judge; affirmed.

*A. L. Smith,* for appellant.

It was error to dismiss the appeal. It was filed in time. If there was delay it was caused by the justice. Kirby's Digest, § 4666. No prejudice is shown to appellee and the court abused its discretion.

*Vol. T. Lindsey,* for appellee.

The appeal was properly dismissed. Kirby's Digest, § 4676. It was appellant's duty to see that the transcript was filed in time. 110 Ark. 284; 161 S. W. 201; 96 Ark. 555; 132 S. W. 917; 48 Ark. 73; 2 S. W. 346.

WOOD, J.   This cause was tried in a justice of the peace court on September 6, 1916. Plaintiff gave notice of appeal, and an affidavit for appeal was filed on Sep-

tember 12, 1916. The circuit court convened on September 18, 1916. The transcript of the justice's docket relating to the cause was filed on March 8, 1917. The defendant moved the court to dismiss the appeal, which motion was granted, and from a judgment dismissing the appeal the cause is here.

The statute provides that on or before the first day of the circuit court next after the appeal shall have been allowed the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit. Kirby's Digest, § 4670.

It was the duty of the plaintiff below to see that his appeal was perfected on or before the first day of the circuit court next after the time of the filing of his affidavit, which, together with the notice and prayer for appeal, constituted the steps that were necessary for him to take in order to have his appeal allowed. While the statute makes it the duty of the justice to file the transcript, it is nevertheless the duty of the party taking the appeal to see that this is done. *Hughes* v. *Wheat,* 32 Ark. 292; *Wilson* v. *Stark,* 48 Ark. 73; *Carden* v. *Bailey,* 87 Ark. 230.

Where the transcript is not lodged on or before the first day of the term of the circuit court next after the appeal is allowed and no excuse for the delay is shown, the circuit court may dismiss the appeal or affirm the judgment for the lack of proper diligence on the part of the appellant in prosecuting his appeal. *Carden* v. *Bailey, supra; Bates* v. *Mitchell,* 96 Ark. 555; *Hart* v. *Lequieu,* 110 Ark. 284.

The judgment is, therefore, correct, and it is affirmed.