LaMode Garment Company *v.* Moore & Company.

4-3863

Opinion delivered April 29, 1935.

*I. J. Friedman,* for appellant.

Humphreys, J. Suit was brought by appellant against appellee in a magistrate's court in the Greenwood District of Sebastian County to recover $47.25 for

merchandise sold and delivered by it to said appellee. George W. Moore was the sole owner of a retail mercantile business at the time of the purchase of the merchandise, which he was operating under the firm name of Moore & Company. Appellee paid $5 on the account after the suit was brought and confessed judgment for $42.25. An execution was issued and levied upon the property of appellee, and, after notice given of the intention to claim the property as exempt under the Constitution, he filed a schedule of his property in the following words and figures:

"Schedule in Exemption

"La Mode Garment Co., plaintiff, v. Geo. W. Moore of the Firm of Moore & Co., defendant.

"Geo. W. Moore, sole owner of the firm of Moore & Company, the defendant in the above-entitled action, states that he is a resident of the State of Arkansas, and a married man, that the following is a list of all his personal property, including moneys, rights, and choses in action, held by himself or others for him, to-wit:

| | |
|---|---:|
| Household furniture to the value of | $ 75.00 |
| Seven (7) cows | 91.00 |
| Two (2) calves | 4.00 |
| Stock of merchandise at value, to the value of | 200.00 |
| Open accounts past due | 100.00 |
| Total value | $470.00 |

"And he claims as exempt and released from the process of this court the articles of said property specified as follows, to-wit:

| | |
|---|---:|
| Household furniture to the value of | $ 75.00 |
| Seven (7) cows to the value of | 91.00 |
| Two (2) calves to the value of | 4.00 |
| Stock of merchandise at value of | 200.00 |
| Open accounts past due to the value of | 100.00 |
| Total value | $470.00 |

"Subscribed and sworn to before me, this 13th day of October, 1934."

The magistrate dissolved the schedule, and appellee gave notice of appeal and filed an affidavit and bond. The transcript of the proceedings before the magistrate was certified and lodged in the circuit court in due time, but was not filed and placed upon the docket, because appellee had failed to pay the filing or docket fee by or on the first day of the circuit court following. Appellant paid the filing or docket fee and filed a motion to affirm the judgment or dismiss the appeal, and for additional bond. Upon a hearing, the circuit court overruled the motion, to which ruling appellant at the time excepted. Both parties then announced ready for trial, and the cause, by agreement, was submitted to the court sitting as a jury; and, after hearing the testimony, the court sustained and allowed the schedule, over the objection and exception of appellant, from which is this appeal. The record brought to this court is silent as to what testimony was heard by the court on the motion to dismiss the appeal from the magistrate, or to affirm the judgment of the magistrate; and, also silent as to what testimony was heard by the court on the trial of the cause. No bill of exceptions appears in the record.

Appellant first contends for a reversal of the judgment on the ground that the court was bound to dismiss the appeal from the magistrate's court, or else affirm the judgment of the magistrate dissolving the schedule under § 6517 of Crawford & Moses' Digest, which is as follows: "On or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process, and all the papers relating to said suit." The statute relied upon is not mandatory. In construing the statute, this court said in the case of *George E. Keith Co.* v. *January*, 131 Ark. 389, 199 S. W. 89, that: "Where the transcript is not lodged on or before the first day of the term of the circuit court next after the appeal is allowed, and no excuse for the delay is shown, the circuit court may dismiss the appeal or affirm the judgment for the lack of proper diligence on the part of the appellant in prosecuting his appeal.

*Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743; *Bates* v. *Mitchell,* 86 Ark. 555, 111 S. W. 990; *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201." See also *Wrought Iron Range Co.* v. *Bell, ante* p. 195.

For aught that appears in this record, the court may have found from the evidence that George W. Moore had a good excuse for not paying the docket or filing fee on or before the first day of the term of the circuit court next after the appeal was allowed.

Appellant next contends for a reversal of the judgment, because the schedule, on its face, is defective for the reason that it failed to state that the debt sought to be collected was one based on contract, and failed to list exemptions claimed in specific articles. No exceptions were filed either to the form or the substance of the schedule. Neither the record before us, nor the judgment, reflects any objections or exceptions during the course of the trial to the form or substance of the schedule. The record does show that the debt sought to be collected was one based upon contract. The evidence adduced, which was not brought into the record by a bill of exceptions, perhaps supplied any and all defects in the schedule, and the trial court may have treated all the defects therein as amended. The schedule was amendable on appeal to the circuit court. *May* v. *Hutson,* 54 Ark. 226, 15 S. W. 606.

No error appearing, the judgment is affirmed.