## WILLIAMS *v.* SWANN.

4-9861                                         251 S. W. 2d 111

Opinion delivered July 7, 1952.

Rehearing denied October 6, 1952.

*Paul K. Roberts,* for appellant.

*Jim Merritt,* for appellee.

HOLT, J. The only issue presented by appellant, R. E. Williams, on this appeal is whether the trial court erred in permitting appellee to amend his Schedule of Exemptions. The facts are undisputed. Appellant had obtained a judgment against appellee in the amount of $533.95 on February 20, 1951, and, in an effort to collect, caused a Writ of Garnishment to be issued against the Pine Bluff Sand & Gravel Company, and as garnishee, it responded to the Writ admitting having in its possession $73.85 belonging to appellee.

Thereafter, on November 9, 1951, appellee, an Arkansas resident and married, filed his verified Schedule

of Exemptions under authority of § 2, Art. 9 of the Constitution of Arkansas and § 30-209, Ark. Stats., 1947. In this Schedule, appellee stated "that he is the owner of the following described property in addition to the wearing apparel of himself and family, to-wit: Pine Bluff Sand & Gravel Co. $73.85." It is conceded that appellee failed to list and claim in his Schedule certain cash deposits with two public utilities, and held by them in the total amount of $15, but on request the court permitted appellee to amend his Schedule of Exemptions to include these two items. The court was correct in so doing.

Appellant contends that the above constitutional and statutory provisions require a strict compliance therewith to make his Schedule of Exemptions effective. The rule, however, appears to be well settled that a liberal construction should be given the above sections since they were enacted for the benefit of distressed debtors, and in order, as far as possible, to carry into effect the beneficent purpose for which they are intended.

We said in *Pemberton* v. *Bank of Eastern Arkansas,* 173 Ark. 949, 294 S. W. 64: "Exemption laws are enacted by the Legislature for the benefit of the debtor, and as this court has frequently said, must be liberally construed." See, also, *White* v. *Swann,* 68 Ark. 102, 56 S. W. 635.

Appellant further argues that, in the circumstances, the court erred in permitting appellee to amend his Schedule, as indicated. We do not agree. Our rule appears to be well settled that: "A schedule of exempt property . . . which is insufficient because it does not set out all the debtor's property . . . may be amended in the circuit court on appeal." *May* v. *Hutson,* 54 Ark. 226, 15 S. W. 606 (Headnote), and reaffirmed in *LaMode Garment Company* v. *Moore & Company,* 190 Ark. 721, 81 S. W. 2d 841.

The judgment is affirmed.