WOOLLARD *v.* LIGHT, JUDGE.

5-84                                           258 S. W. 2d 886

Opinion delivered June 8, 1953.

*Hale & Fogleman,* for petitioner.

*Mann & McCulloch,* for respondent.

MINOR W. MILLWEE, Justice. Petitioners, D. B. Woollard and J. C. Johnson, are commissioners of Drainage District No. 3 of Crittenden County. In February, 1952, persons claiming to own a majority in value of the real property in the district petitioned the county court to remove the petitioners as said commissioners and to appoint L. S. Young and Lawson T. Garner in their places pursuant to the provisions of Ark. Stats., § 21-505.

After a hearing on the petition and the response thereto, the county court entered an order on June 4, 1952, denying the petition for removal. On the same date the petitioning property owners duly filed an affidavit for appeal to circuit court which was granted by order of the county court. On October 9, 1952, the county clerk filed in the office of the circuit clerk a transcript which contained certified copies of all the original pleadings, papers and record entries filed and made in the county court proceeding, but did not file the original papers.

The next term of the civil division of the circuit court, after the granting of the appeal, convened on November 24, 1952. After a previous setting the case was called for trial in circuit court on December 29, 1952, when the Petitioners Woollard and Johnson by special appearance filed a motion to dismiss the appeal for want of jurisdiction because the original papers had not been filed in the circuit court. The motion to dismiss was heard on the date it was filed. In the order denying the motion on the same date, the circuit court directed the county clerk to file the original papers in the circuit court. The court then granted petitioners' request for a stay of proceedings to permit them to file the instant petition in this court in which they seek a writ of prohibition to prevent the Crittenden Circuit Court from proceeding further in the action.

Petitioners say the circuit court is without jurisdiction. They contend that the statutes governing appeals from the county court are mandatory in the requirement that the original papers be filed within six months after the order granting the appeal, and that the remedy by appeal to this court is inadequate. The pertinent statutes are Ark. Stats., §§ 27-2001, 27-2003, and 27-2004 which we copy in the margin.[1]

---

[1] "27-2001. Appeals shall be granted as a matter of right to the circuit court from all final orders and judgments of the county court, at any time within six [6] months after the rendition of the same, either by the court rendering the order or judgment or by the clerk of the circuit court of the proper county, with or without supersedeas, as in other cases at law, by the party aggrieved filing an affidavit and prayer for an appeal with the clerk of the court in which the appeal is taken; and upon the filing of such affidavit and prayer the court ren-

It should be noted that § 27-2001 relates entirely to the *granting* of an appeal, while §§ 27-2003 and 27-2004 relate to the *perfecting* and trial date of the appeal. Now it is undisputed that the appealing property owners fully complied with § 27-2001. They filed their affidavit and prayer for appeal which was granted by order of the county court on June 4, 1952, the date of trial. It is true we have held that this section is mandatory and that the circuit court is without jurisdiction to hear an appeal where there is no order of either the county court or circuit clerk granting the appeal as the statute directs. Mississippi County v. Moore, 126 Ark. 211, 190 S. W. 110. We have also held that the spirit and purpose of this statute have been attained when the affidavit and prayer for appeal have been filed with the clerk of the county court within the time allowed, and when either the county court or the clerk of the circuit court orders the appeal. Tuggle v. Tribble, 173 Ark. 392, 292 S. W. 1020. Here the appeal was duly granted by order of the county court within the period prescribed in the statute.

We now turn to the appeal perfecting sections. By § 27-2003 it is directed that the clerk of the county court transmit to the clerk of the circuit court the original papers and a transcript of the record entry in the cause which, under § 27-2004, stands for trial at the succeeding term of circuit court, if the appeal is granted ten days before circuit court convenes and unless it is continued for cause. It is noted that § 27-2003 prescribes no definite time within which the original papers and record transcript must be filed while § 27-2001 provides that the

---

dering the judgment or order appealed from or the clerk of the circuit court shall forthwith order an appeal to the circuit court at any time within six [6] months after the rendition of the judgment or order appealed from, and not thereafter. The party aggrieved, his agent or attorney, shall swear in said affidavit that the appeal is taken because the appellant verily believes that he is aggrieved, and is not taken for vexation or delay, but that justice may be done him.

"27-2003. In all appeals to the circuit court from all said judgments and orders of the county court, the clerk of said court shall transmit all of the original papers and a transcript of the record entry in the cause or matter to the clerk of the circuit court, and take his receipt therefor and file the same in place of such papers.

"27-2004. All appeals granted ten [10] days before the commencement of any term of the circuit court, next after the appeal is allowed, shall be tried and determined at such terms, unless continued for cause."

appeal must be *granted* within six months ''and not thereafter.'' Although § 27-2004 indicates that the transcript and original papers should be filed before the first day of the next term of court, it merely deals with the time the case shall stand for trial.

The effect of our decisions is that § 27-2004 is directory only and that the circuit court is clothed with considerable discretion in determining whether there has been unnecessary or prejudicial delay in filing a transcript of the county court proceedings. In *Briner* v. *Holleman,* 115 Ark. 213, 170 S. W. 1010, this court affirmed the action of the circuit court in dismissing an appeal from county court where the transcript was not filed until five weeks after the convening of circuit court. In construing § 27-2004 the court held that it must indulge the presumption that the circuit court found there had been unnecessary delay in the absence of a showing to the contrary. The court also said that it was a matter of discretion with the trial court whether the appeal may be prosecuted where there is a delay after the first day of the term in filing the transcript. Applying the same rule here, we should indulge the presumption that the circuit court found there had *not* been unnecessary delay, or that the delay was satisfactorily explained, in the absence of some showing to the contrary. It should also be noted that in the Briner case nothing had been filed in the circuit court until long after the court had convened, while in the case at bar certified copies of all the original papers and record entries were filed in circuit court nearly five weeks before the next term convened.

Prior to the adoption of Act 323 of 1939 [Ark. Stats., § 26-1307] it was provided by Ark. Stats., § 26-1306 that, a transcript of appeals from justice courts should be filed on or before the first day of the circuit court next after the appeal was allowed. In *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201, this court reversed the action of a circuit court in dismissing an appeal where the appellant offered to show a meritorious excuse for not having filed the transcript within the statutory time. Also in *LaMode Garment Co.* v. *Moore & Co.,* 190 Ark. 721, 81 S. W. 2d

841, the court said that the statute was not mandatory as to the time of filing the transcript and cited many cases in support of that conclusion. In this connection the petitioners rely on *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743, where no transcript of a justice of the peace judgment had been filed by the appealing defendant two years after the judgment. The plaintiff then filed the transcript in circuit court and asked for affirmance of the judgment and this Court held that the circuit court abused its discretion in refusing to dismiss the appeal when no excuse was shown for the long delay.

It is understandable why the circuit court in exercising his discretion under § 27-2004 might conclude there had been no unnecessary delay in filing the original papers which were made available by the court's order on the trial date. There is no showing or contention that petitioners were in any manner prejudiced because the original papers had not previously been transferred from the office of the county clerk to the office of the circuit clerk. Under the circumstances, we conclude that no abuse of the circuit court's discretion has been shown in the case at bar.

It is not inappropriate to add that there is nothing in this record to indicate that petitioners' remedy by appeal is inadequate. See, *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977; *Jones* v. *Coffin,* 96 Ark. 332, 131 S. W. 873; *Harris Distributors, Inc.* v. *Marlin, Judge,* 220 Ark. 621, 249 S. W. 2d 3.

The petition for writ of prohibition is denied.