JOSEPH J. GAMBRIL AND OTHERS,
vs.
RICHARD GAMBRIL AND OTHERS.
} MARCH TERM, 1853.

[ALLOWANCE TO TENANT FOR LIFE FOR IMPROVEMENTS.]

WHERE a tenant for life puts improvements upon property for the mutual accommodation of himself and those entitled in remainder, and the property is sold to promote the interests of all parties interested, he will be allowed the value of such improvements out of the proceeds of sale.

Though a mortgagee or a tenant in possession may not in all cases be allowed for new improvements, yet a party thinking himself absolutely entitled, who has expended considerable sums in repairs and lasting improvements, will be allowed for such expenditures.

The amount of the proceeds to be allowed a tenant for life for his interest in the property sold, depends upon his age and state of health at the time of sale.

[In this case, certain real estate was conveyed to a trustee; *in trust,* for the benefit of Richard Gambril for life, and after his death, for the benefit of his wife, in case she should survive him, during widowhood; and after her death or marriage, for the benefit of their child or children, and their heirs and assigns. It was proved that at the date of this deed, the dwelling-house on this farm was a small log-house, in a dilapidated condition, and an unhealthy location. That Richard Gambril, the tenant for life, lived in it until it became unfit for him and his children to remain in any longer, when he erected a new house, not more expensive in cost than was necessary for the comfort of his family, and that every economy was used in erecting said building, and that at this time it is worth more than $3,000. Upon a bill filed by the infant, *cestui que trusts,* in remainder, alleging that it would be for the interest and advantage of all parties interested, that the property should be sold for the purpose of partition amongst them, according to their respective interests; a decree for that purpose was passed by the Chancellor, and the proceeds being distributed by the Auditor's accounts, certain exceptions

were taken to said accounts by Richard Gambril, the tenant for life, the nature of which sufficiently appears from the following opinion of the Chancellor, pronounced on the hearing of said exceptions.]

THE CHANCELLOR:

This case is submitted upon the exceptions of Richard Gambril to the Auditor's account C, accompanying his report of the 27th of January last.

The case, in its circumstances, is not precisely like that of *Bright* vs. *Boyd*, 1 *Story's Rep.*, 478, cited with approbation by the Court of Appeals in *Jones' Admr. of Hawkins* vs. *Jones*, 4 *Gill*, 87. But though the facts are dissimilar, the views expressed by the Court in both cases apply with much force to the question raised by the first exception in this case.

The principle settled by the Court of Appeals in *Jones* vs. *Jones* appears to be this: that though a mortgagee in possession, or a tenant for life, may not in all cases be allowed for new improvements, yet a party, thinking himself absolutely entitled, who has expended considerable sums in repairs, and lasting improvements, will be allowed for such expenditures. The Court did not mean to decide against the right of the mortgagee, or tenant for life, to be allowed for reasonable and permanent improvement, as well as repairs; but that, conceding such to be the rule still, a party entertaining the *bonâ fide* impression that he was the true and absolute owner, and expending money under that impression in improvements, as well as repairs, would, when called upon to account, be permitted to recover the amount so expended, from the rents and profits.

This, however, is not a case in which a mortgagee in possession, or tenant for life, is called on to account; nor is it a case in which a party supposing himself to be entitled to the estate has made improvements and repairs, and now when he finds he was mistaken as to the title, and the property and its profits are demanded of him, asks to be allowed for the sums so expended. It is a case in which the rights of the parties to the

estate sold were clearly known. It was sold to promote the interests of all; and the question presented is, what allowance shall be made to the tenant for life out of the proceeds of the sale, for improvements put by him upon the property for the mutual accommodation of himself and the parties entitled in remainder?

The proof returned on the 6th of January last clearly shows the propriety, not to say necessity, of making the improvement; and though there is no evidence of the actual amount expended by Richard Gambril, yet its value at this time is shown to exceed three thousand dollars. And this is the amount which the Auditor has allowed Mr. Gambril in his account D. This allowance, I think, is warranted by the case of *Hibbert* vs. *Cooke*, 1 *Simons & Stewart*, 552, and is not at all in conflict with the case of *Jones* vs. *Jones*, or the case in 1 *Story's Rep.*, 478; but on the contrary, the allowance derives support from the views expressed by the Courts in those cases. There can be no doubt, from the proof, that it was for the benefit of all parties concerned that the house should be built; nay, it may with truth be said, that it was absolutely necessary for their comfort and safety that it should be, and inasmuch as the parties entitled in remainder participated with the tenant for life in the enjoyment of the improvement, the justice of making the allowance appears to be perfectly manifest. I am, therefore, of opinion, that the first exception of Richard Gambril to the account C, is well taken, and must be ruled good.

The second exception is directed against the sum allowed the said Gambril in lieu of his life estate, which it is urged is inadequate. In the accounts A, and B, accompanying the first report of the Auditor, Mr. Gambril is allowed the third of the net proceeds in lieu of his life interest in the property sold; whilst in the last account, he is allowed three-eighths. The Chancellor does not understand why this discrepancy exists in the two sets of accounts, and for this reason could not, without explanation, proceed to confirm any one of them. But there is another reason which would forbid an immediate order of

confirmation.   The Auditor reports that none of the witnesses speak of the health of Richard Gambril as of the day of sale, the period to which the proof should be directed; and no proof has been taken in reference to the health of his wife, to whom an allowance is made for the value of her contingent life interest.   Now, inasmuch as the amount of each of these allowances depends upon the age and state of health of the parties at the time of the sale, the case must go back to the Auditor, that the necessary evidence may be supplied.

R. J. BRENT, for the Exceptants.

A. H. GAMBRIL, for the other parties.