## WILSON v. STARK.

1. APPEAL FROM J. P.: *Negligence in perfecting.*

   When a party appeals from the judgment of a justice of the peace, and files his affidavit and bond for the appeal, he must see that the transcript is filed in the circuit court within the time required by the statute, or the judgment of the justice will be affirmed and judgment rendered against the appellant and his sureties in the appeal bond

for the amount of the justice's judgment and interests and costs of both courts.

2. SAME:  *Same.*

  A general appearance of the appellee to an appeal is a waiver of the delay in filing the transcript in the circuit court, but an appearance for the purpose of dismissing the appeal for the delay does not waive it.

APPEAL from *Pulaski* Circuit Conrt.
Hon. F. T. VAUGHAN, Judge.

### STATEMENT.

Stark recovered judgment against Wilson before a justice of the peace, and Wilson asked and was granted an appeal to the circuit court, and filed his affidavit and bond for appeal, but the affidavit was not signed by him, nor was there any jurat of the justice to it. The papers and transcript from the justice's docket were not filed in the circuit court within the time required by the statute. In the circuit court the plaintiff filed his motion to dismiss the appeal for want of an affidavit; but the proof showing that the affidavit was, in fact, sworn to by the defendant, the plaintiff then amended his motion by adding as a cause for dismissal that the papers and transcript had not been filed in due time in the circuit court.

The court overruled the motion for the first cause, but sustained it for the last and affirmed the judgment of the justice of the peace, and rendered judgment against the defendant and his sureties in the appeal bond for the amount thereof.

*Caruth & Erb*, for appellant.

*First*—Inasmuch as the case was regularly called on May 30, 1885, the motion of appellee made ten days before to

dismiss for want of an affidavit for appeal, and the hearing had thereon, and the ruling of the court allowing the affidavit to be corrected, was a clear submission by appellee to the jurisdiction of the court and a waiver of the delay.

*Second*—That after the court once entertains jurisdiction, it cannot afterwards undertake to *affirm* the judgment without a trial on the merits.

*Third*—If the court had the right to exercise its discretion in regard to the allowance of the appeal, it was its duty to *dismiss* the appeal, and not to *affirm* the judgment.

*Geo. H. Sanders*, for appellee.

The transcript was not filed within the time prescribed by *sec. 4139, Mansf. Dig.*

It was the duty of *appellant* to see that his transcript is filed as required, and if he fails to do so the circuit court may, in its discretion, dismiss or *affirm* for failure.  *31 Ark., 268; ib., 550; 32 ib., 292.*

The object of the statute in requiring appellant to file the transcript on or before the first day of the term is to enable the clerk to comply with *secs. 5111-12-13, Mansf. Dig.* There was no error in rendering judgment against the surety. (See cases *supra.*)

OPINION.

COCKRILL, C. J.   When an affidavit for an appeal from a judgment of a justice of the peace is filed, the judgment superseded and the appeal not perfected until the time prescribed by the statute has expired (*Mansf. Dig , sec. 4139*), and a satisfactory excuse is not given for the delay, the judgment of the justice may be affirmed by the circuit court and judgment rendered against the sureties in the

appeal bond. *Smith v. Allen, 31 Ark., 268; McGehee v.Carroll, ib., 558; Hughes v. Wheat, 32 ib., 292: Whittaker v.'Tracy, 41 ib., 259.*

II. It is the appellant's duty in such a case to see that his appeal is perfected in time, and if he relies on the justice of the peace, cr upon his attorney, to see to it for him, and it is neglected, the default comes through his own want of diligence. *Cases supra.*

III. The fact that an order has been made in the case previous to the filing of the motion to affirm, does not deprive the court of the power to exercise its discretion to grant the prayer of the motion.

The court should regard the general appearance of an appellee to the cause as a waiver of the delay; but the appearance in this cause was solely for the purpose of dismissing the appeal, and could not be so construed. It is true his first motion was to dismiss for want of an affidavit for appeal, and when this was denied it was renewed to dismiss or affirm for delay in prosecution, but neither effort recognized the appellant's standing in court.

We cannot say there was an abuse of official discretion, and the judgment is affirmed.