RICHESON v. NATIONAL BANK OF MENA.

Opinion delivered November 28, 1910.

LIENS—INSOLVENT CORPORATION—ASSIGNMENT.—The preference given by Kirby's Digest, § § 949, 950, to laborers and employees in winding up the affairs of an insolvent corporation is personal, and not assignable.

Appeal from Polk Chancery Court; *W. H. Collins,* Special Chancellor; affirmed.

*Willard P. Cave,* for appellant.

The claim to priority for wages was not defeated by the assignment of the account. 19 Am. & Eng. Enc. of L. 2d Ed. 25; 2 *Id.* 1052, note Laborers' Liens; 18 Wall. 659; 104 Cal.

10; 36 Me. 384; 54 Miss. 286; 60 Ala. 448; 83 Ala. 266; 1 Jones on Liens, ¶ 990; Id. § 991; 37 Ark. 511; 71 Me. 113; 36 Am. Rep. 299; 31 Me. 134; 4 Cyc. 72; 107 U. S. 596; 111 U. S. 776; 25 Cyc. 678.

*Wright Prickett* and *Elmer J. Lundy,* for appellee.

The lien was personal, and could not be assigned.   27 Ark. 564.  The statute is intended as a protection to the laborer who actually does the work, and to him only, and the person claiming the lien must bring himself strictly within the statute.  71 Ark. 334; 54 Ark. 522; 43 Ark. 168; 65 Ark. 183; 69 Ark. 23; 59 Ark. 81; 80 Ark. 516; Id. 197; 84 Ark. 126; 145 Ind. 624; 44 N. E. 632; 90 N. E. 73.

McCULLOCH, C. J.  The question involved in this appeal is whether or not the right of an employee of an insolvent corporation to have his claim for wages or salary paid in preference to the claims of general creditors of such corporation is assignable before it is filed and the preference fixed by the order of the court.  The statute conferring the preference right reads as follows:

"Sec. 949.  No preferences shall be allowed among the creditors of insolvent corporations, except for the wages and salaries of laborers and employees.

"Sec. 950.  Any creditor or stockholder of any insolvent corporation may institute proceedings in the chancery court for the winding up of the affairs of such corporation, and upon such application the court shall take charge of all the assets of such corporation and distribute them equally among the creditors after paying the wages and salaries due laborers and employees."

If this statute be construed as creating a lien, there is a conflict in the authorities as to whether such statutory lien passes with an assignment of the debt; but it is clearly settled by the decisions of this court that such a lien is personal, and does not pass with an assignment of the debt.  The decisions referred to relate to liens of laborers and material men and to landlords.  *Dano* v. *M. O. & R. R. Rd. Co.,* 27 Ark. 564; *Roberts* v. *Jacks,* 31 Ark. 597; *Nolen* v. *Royston,* 36 Ark. 561; *Varner* v. *Rice,* 39 Ark. 344.

But the language of the statute under consideration makes it very plain that the preference right is personal to the laborer

or employee, and does not pass with an assignment of the debt. The statute merely .declares that in winding up an insolvent corporation the assets shall be distributed equally among the creditors "after paying the wages and salaries due laborers and employees."

Judgment affirmed.