PENNSYLVANIA MINING COMPANY *v.* BAILEY.

Opinion delivered November 24, 1913.

LEASES—ASSIGNMENT—REQUISITES.—A lessee parting with his interest in the whole of the leasehold estate for the balance of his term, or with his interest in a part of the demised premises for the entire term, constitutes an assignment or assignment *pro tanto* of the lease, and the person to whom such an interest is conveyed, becomes an assignee of the term with all the rights and liabilities incident to such a position. To constitute an assignment of a lease, the lessee must part with his entire interest in the whole or a part of the premises.

Appeal from Johnson Circuit Court; *Hugh Basham,* Judge; affirmed.

Appellee was the plaintiff below and alleged in his complaint that appellant was the transferee and owner of a lease executed July 14, 1904, by appellee together with Margaret Norris and others, heirs of J. W. Norris, deceased, to M. E. Anderson, *et al.,* the lease embracing the coal and mineral rights under a certain hundred acres of land there described. It was there alleged that appellee was the owner of forty acres of the land, and was entitled to 40 per cent of the royalty on the coal mined, the quantity of which was not in dispute. It was further alleged that this lease was assigned November 17, 1904, to the Western Anthracite Coal Company, and by that company assigned on August 1, 1907, to J. K. Gearhart, C. H. Langford and Freemont Stokes. That on May 20, 1909, Gearhart, Langford and Stokes transferred the lease to the Pennsylvania Anthracite Coal Company, which last named company changed its name to Pennsylvania Mining Company. But the proof shows that, instead of succeeding the Pennsylvania Anthracite Coal Company, upon its change of name, the Pennsylvania Mining Company is a distinct corporation and acquired the mining rights of the first named company by a transfer of the lease in question to it. This suit was brought expressly upon the theory that appellant is an assignee of the original lease; that it stands in the shoes of the original lessees, and is therefore in privity with the original lessors, and appellants concede that if this theory is correct appellee is entitled to maintain this suit.

The answer contained a general denial of all the material allegations of the complaint, and specifically denied that it was the owner and transferee of the lease to M. E. Anderson and others, upon which the suit was based.

There is no question but that Gearhart, Langford and Stokes by successive assignments became the owners of the original lease, and on May 20, 1909, they executed

an instrument to the Pennsylvania Anthracite Coal Company by virtue of which they undertook to lease for a period of twenty-five years their mineral rights in the lease in question, together with mineral rights in other property. The terms and conditions in this lease were materially different from those in the original lease from Norris to Anderson. On October 31, 1910, the Pennsylvania Anthracite Coal Company executed two leases to appellant. One of these was for the term of ten years and two months from the date of its execution, and expired therefore on December 31, 1920, which would be eight years earlier than the expiration of the original lease from Norris *et al.,* to Anderson which expired April 11, 1928. This lease dated October 31, 1910, covered various lands and mining rights, and privileges incident thereto not contained in the original Anderson lease and its terms and conditions were materially different from those of the original lease. This short term lease of date October 31, 1910, is the one contained in the bill of exceptions and was the only one of that date contained in the record at the time of filing appellant's brief. This brief undertook to show that appellant did not sustain the relation of assignee of the original lease but was a sub-lessee of the original lease, and there is an interesting discussion of the distinction between the assignment of a lease and a sub-letting, and of the difference between the obligations and liabilities of the two relations.

But upon appellee's application the clerk of this court issued a writ of *certiorari,* to the clerk of the circuit court, requiring him to furnish and certify a copy of the lease dated October 31, 1910, and recorded in deed book 52 at pages 274-277 of the deed records of Johnson County.

The call in the bill of exceptions for the paper writing is as follows:

"Mr. Covington, the plaintiff here, offers and presents Record Book No. 52 at page 277, showing record of lease from Pennsylvania Anthracite Coal Company to Pennsylvania Mining Company, dated August 31, 1910.

This lease embraces the land here in question.'' (A true and correct copy of which is hereto attached and marked exhibit ''G.'') The language in the parentheses is enclosed in parentheses in the bill of exceptions and does not there purport to be the language of the attorney in offering the record in evidence, but is evidently a notation made by the clerk in making up the transcript. The lease contained in the bill of exceptions does have upon it the letter ''G.'' It is conceded that attorney's statement that the lease offered in evidence was dated August 31, 1910, was a *lapsus linguae,* for there is no lease of that date and the date should have been stated to be October 31, 1910.

In response to this writ of *certiorari* the clerk of the circuit court has certified a lease dated October 31, 1910, from the Pennsylvania Anthracite Coal Company to Pennsylvania Mining Company, which embraced the land here in question together with other lands and mining rights, and was for a period of twenty years, which is obviously beyond the date of the expiration of this Anderson, lease and therefore conveyed all rights granted by that original lease.

*Moore, Smith & Moore,* for appellant.

In order to sustain this action, it must be based upon some privity of estate or contract between appellee, as the original lessor, and appellant; but appellant holds possession, not as an assignee of the original lease, but merely as a sublessee. There is, therefore, no privity between the parties. 1 Tiffany, Landlord & Tenant 907, § 151; 2 *Id.* 1047; *Id.* 100, § 162; 1 Washburn, Real Property (5 ed.), § § 541-546; 131 Mass. 161; 17 Wall. 9; 56 N. Y. 157; 71 N. Y. 48; 1 Gray 325; 21 N. E. 920; 135 Mo. 173; 102 N. Y. 601; 61 N. Y. 382; 36 N. Y. 569; 57 N. E. 956; 33 Mich. 342; 2 Underhill, Landlord and Tenant, 1095, § 651.

*J. J. Montgomery* and *Webb Covington,* for appellee.

1. Under the terms of the joint lease to Anderson *et al.,* appellee is entitled to his proportionate part of the

royalty on all coal mined from any portion of the lands embraced therein, whether mined from his tract or the Norris tract. 109 Cal. 305, and authorities cited. The conveyance by the Norrises to Gearhart, Langford and Stokes conveyed to them only such interest as the Norrises then had in the property, *i. e.,* 60 per cent of the royalty on all coal mined from the lands embraced in the original Anderson lease. It could not detract from appellee's rights to royalty under the lease. Taylor, Landlord and Tenant, § 502; 26 Ill. 19.

2. The conveyances from Gearhart, Langford and Stokes to Pennsylvania Anthracite Coal Company, and from the latter to appellant, constitute assignments and establishment of privity of estate as between appellee and appellant. 18 Am. & Eng. Enc. of L. (2 ed.), §§ 656, 657; 1 Taylor, Landlord and Tenant (9 ed.), § 16; 21 N. E. 920; 49 N. W. 742; 6 Cal. 605; 4 Mich. 106; 61 N. Y. 382; 30 N. Y. 453; 36 S. W. 602; 28 S. W. 960; 99 Fed. 216; 36 Pac. 682. The right of re-entry upon conditions broken, the nonpayment of the different royalty provided for, or the nonperformance of other conditions contained in the instrument of transfer would not effectuate a subletting but an assignment where the *whole term* is conveyed. 42 E. C. L. 161, 3 Scott, N. R. 593; 15 U. C. C. P. 370; 99 Fed. 216; 8 N. E. (N. Y.) 200, and cases cited.

*Moore, Smith & Moore,* for appellant, in reply.

1. There is no sufficient call in the bill of exceptions for the lease that appellee relies on to hold appellant as assignee of the original Anderson lease. On the contrary the call is for the lease constituting appellant a sublessee.

2. *Certiorari* can not be used to bring up testimony omitted from the bill of exceptions. 94 Ark. 560; 35 Ark. 220.

3. If the lease set out in the transcript is such as suggested by appellee, that appellant can not hold pos-

session thereunder, the court should reverse the judgment on the ground that there is no evidence to sustain it.

SMITH, J., (after stating the facts). The important and controlling question in this case therefore is, which of the two leases dated October 31, 1910, was in fact offered in evidence, the one contained in the bill of exceptions or the one certified by the clerk in response to the writ of *certiorari.* After a careful study of the evidence we have concluded that while the call in the bill of exceptions might ordinarily identify either writing, the one in fact introduced is the one sent upon *certiorari.* We reach that conclusion because it appears to be the instrument recorded in record book 52 at pages 274 to 277, whereas the lease in the bill of exceptions does not appear to have been recorded at all.

This lease, which we therefore consider as the one offered in evidence, conveys the whole interest demised in the Anderson lease, and it is therefore academic to consider the difference in the obligation and liability which would have arisen under the short term lease, as compared with the one which extended beyond the expiration of the term of the original Anderson lease. A sufficient statement of the law for the purpose of this case is found in 18 Am. & Eng. Enc. of Law (2 ed.), 656, 657, where it was said: ''A lessee parting with his interest in the whole of the leasehold estate, for the balance of his term, or with his interest in a part of the demised premises for the entire term, constitutes an assignment *pro tanto* of the lease, and the person to whom such an interest is conveyed becomes an assignee of the term with all the rights and liabilities incident to such a position. It is immaterial by what kind of an instrument or conveyance the term is so disposed of. Thus, the grantee or nominal lessee becomes an assignee, if the lessee executes a quitclaim deed of his rights in the leasehold estate, or executes an instrument purporting to be a lease or demise of the premises for the balance of his unexpired term, or a period exceeding his term, or conveys the premises in fee simple. To constitute an

assignment, the lessee must, however, part with his entire interest in the whole or a part of the premises.''

The liability of the assignee of a lease is conceded, and is fixed by the authorities and the judgment therefore against appellant for the royalty on the coal mined by it was fully authorized and is therefore affirmed.