BRINER *v.* HOLLEMAN.

Opinion delivered November 9, 1914.

APPEALS—FILING TRANSCRIPT—UNNECESSARY DELAY.—An order of the county court was made in May, an appeal was prayed promptly and allowed, but the transcript was not lodged in the circuit court until October 9, although the circuit court convened on the first Monday in September. *Held,* when there is delay after the first day of the term in filing the transcript, it becomes a matter of discretion with the trial court, whether the appeal may be prosecuted; and it should be dismissed in the absence of a satisfactory explanation of the delay.

Appeal from Saline Circuit Court; *W. H. Evans,* Judge; affirmed.

*J. S. Utley* and *W. D. Brouse,* for appellant.

*D. M. Cloud,* for appellees.

PER CURIAM: Appellant is resisting statutory proceedings in the county court, instituted by appellees, as petitioners, to alter a public road in Saline County; and he appealed from the order of the county court authorizing the change and approving the assessment of damages due to the owners of property affected by the change, including the property of appellant. He appeals to this court from an order of the circuit court dismissing his appeal from the county court, and presents a motion here for supersedeas of the judgment pending the appeal.

The question is raised whether the judgment of the circuit court is one which can be superseded by statutory bond; and if it be held that the judgment can not be superseded, the further question arises whether or not the facts justify this court in granting a stay of proceedings pursuant to its power in the exercise of appellate jurisdiction. In presenting the motion, counsel on both sides have appeared in oral argument and have necessarily developed and discussed the merits of the controversy so far as raised by this appeal, and the case may as well be considered now on its merits as later.

The only question raised by the appeal is whether or not the court abused the discretionary powers reposed in

it by dismissing the appeal. The final judgment of the county court was rendered in May, 1914, and the appeal was promptly prayed for and allowed; but the transcript was not lodged with the clerk of the circuit court until October 9, 1914, notwithstanding the fact that the circuit court convened on the first Monday in September. The case was not docketed by the clerk when filed in his office, and was not docketed at all until ten days later when appellees caused the case to be docketed for the purpose of moving to dismiss. The court made the order dismissing the appeal; and, subsequently, during the same term, appellant moved to set aside that order, and, upon the overruling of his motion, appealed to this court. There is a special statute with respect to appeals from orders of the county court in the matter of new roads, etc., reading as follows:

"An appeal from the final decision of the county court for a new county road, or for vacating, altering or reviewing any county road, shall be allowed to the circuit court. Provided, that notice of such appeal be given by the appellant during the same term of the county court at which said decision was made; and the appellant shall, within ten days thereafter, enter into bond, with good and sufficient security, to be approved by the clerk of the county court, for the payment of all costs and expenses arising from such appeal. Minors, idiots and lunatics, by their guardians, may appeal without giving bond. The circuit court may order another view or review of such road, or make such other orders as the justice of the case demands. The county court, after notice of appeal has been given, shall not issue any order in the premises until after ten days shall have expired from the time of making the decision appealed from; if the appeal shall not have been perfected agreeably to the provisions of this act, the clerk shall issue the order for the opening of the road. The decisions of the circuit court on petitions for roads taken into said court by appeal shall be recorded in the record of said county court appealed from." Kirby's Digest, § 3006.                    ,

That statute is a part of the act of March 23, 1871. The act of April 3, 1873, which regulates, generally, appeals from orders of county courts, contains a provision that all appeals granted ten days before the commencement of any term of the circuit court, next after the appeal is allowed, shall be tried and determined at such term, unless continued for cause. Kirby's Digest, § 1490. There is no statutory provision, as in cases of appeals from justices of the peace, providing that the transcript must be filed in the office of the circuit clerk on or before the first day of the next succeeding term. In the present case, however, the transcript was not filed until the circuit court had been in session about five weeks, and no excuse is shown for the delay. In fact, there is nothing in the record relating to the proceedings on the motion to dismiss except the motion itself and the order of the court thereon; and, in the absence of any showing, we must indulge the presumption that the court found that there had been unnecessary delay. Causes on appeal from the county court stand for trial at the next term after the appeal is granted, and there is a duty imposed upon the appellant by necessary implication from the statute to see that the transcript is filed at the commencement of the term, so that the court may have an opportunity to determine on what day of the term it shall be set for trial. Any other view of the statute would permit the appellant, instead of the court, to determine the order of business of the term. Where there is delay after the first day of the term in filing the transcript, it becomes a matter of discretion with the trial court whether or not the appeal can be prosecuted; and it should be dismissed in the absence of satisfactory explanation of the delay. *Hart* v. *Lequieu,* 110 Ark. 284.

There was no attempt on the part of the appellant, so far as the record shows, to give any account of the delay; and for that reason we can not say that the circuit court abused its discretion in dismissing the case.

The judgment is affirmed.