GRAHAM v. DRAINAGE DISTRICT No. 11.

Opinion delivered November 12, 1923.

1.  DRAINS—APPEAL FROM COUNTY COURT—FILING TRANSCRIPT.—Under
    Crawford & Moses' Digest, §§ 3583-4, regulating appeals from
    the county to the circuit court in drainage proceedings, the
    transcript should be filed in the latter court on or before the
    first day of the next term of court, and, if not filed by that time,

it becomes a matter of discretion whether permission will be granted for it to be filed later.

2. COURTS—APPEAL FROM COUNTY COURT—FILING TRANSCRIPT.—
Where the county clerk fails to prepare a transcript on appeal to the circuit court, it is the duty of the party appealing to apply to the court, on the first day of the succeeding term, for an order to compel the clerk to prepare the transcript, and, upon his failure to make such application, he becomes liable for the additional delay.

Appeal from Jackson Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*O. W. Scarborough* and *Gustave Jones,* for appellant.

The discretion of the court in dismissing an appeal is not absolute, as the right of appeal is a constitutional right, and should not be lightly taken away. There is no statutory provision governing appeals in such cases. Where there is a delay, after the first day of the term, in filing the transcript, it becomes a matter of discretion of the trial court whether or not the appeal can be prosecuted, and it should be dismissed, in the absence of satisfactory explanation of the delay. 115 Ark. 213. A satisfactory explanation was made of the delay here, and, further, the counsel for appellee allayed the fears of remonstrants as to lodging the appeal in time.

*Geo. A. Hillhouse* and *C. M. Erwin,* for appellees.

The court did not abuse its discretion in dismissing the appeal. The facts are strikingly similar to those in 115 Ark. 213. See also 110 Ark. 284.

McCULLOCH, C. J. Appellee is a drainage district organized by the county court of Jackson County, and appellants are owners of real property in the district. When the assessments of benefits were made and the list filed with the county court for approval, appellants appeared and protested against the assessments. The cause was heard on the protest of appellants on May 22, 1922, by the county court, and judgment was rendered approving the assessments. This judgment was entered of record on June 5, 1922, whereupon appellants filed

their petition and affidavit for appeal, and an order was made on June 9 granting the appeal. Appellants filed their bond on June 16, 1922, which was approved by the court.

The circuit court convened on September 11, 1922, and on October 2, 1922, which was the nineteenth day of the term, attorneys for appellee caused the transcript of the record in the county court to be filed, and moved to dismiss the appeal on account of the failure of appellants to file the transcript in due time. No transcript was filed until it was done by appellee at the time and for the purpose mentioned above. The court heard the motion on oral testimony, and rendered a judgment dismissing the appeal, from which an appeal has been prosecuted to this court, the testimony adduced at the hearing having been preserved by a bill of exceptions. The statute under which the proceedings were conducted provides that the clerk of the county court "shall make a complete transcript of the proceedings had before the county court and certify the same, with all the original papers filed in his office, and file them in the office of the clerk of the circuit court within thirty days from the day of filing said bond." Crawford & Moses' Digest, § 3583. The statute further provides that the cause shall be docketed by the clerk of the circuit court, "and said cause shall stand for trial and be tried as other appeal cases are tried in the circuit court." Crawford & Moses' Digest, § 3584.

Without determining whether or not the statute regulating the time for filing a transcript is mandatory and constitutes a condition upon which the appeal may be prosecuted, it is necessarily implied that the transcript must at least be filed on or before the first day of the next term of the circuit court, and, if not filed by that time, it becomes a matter of discretion with the circuit court whether or not permission will be granted for the transcript to be filed later. *Briner* v. *Holleman*, 115 Ark. 213. The exercise of the court's discretion depends upon

the circumstances of each case, which might, or might not, afford excuse for delay, and, unless there is an abuse of discretion by the trial court, its decision will not be disturbed. Appellants undertook to prove circumstances and conduct on the part of the county clerk and his deputy and on the part of one of the attorneys for appellee which were sufficient to afford reasonable excuse for the delay. But there was a conflict in the testimony upon every issue presented.

According to the testimony of the clerk and his deputy, and the testimony of one of the attorneys for appellee, the fault was not with the clerk or his deputy or with the attorneys for appellee, but the delay was caused by the negligence of appellant's attorneys. The finding of the trial court upon an issue of fact is binding upon us, and we are not at liberty to disturb it.

Aside from any conflict in the testimony, and conceding that the clerk or his deputy was at fault in failing to prepare and file the transcript in apt time, it is apparent that counsel for appellants have, by failing to apply to the court in apt time to compel the clerk to file the transcript, put themselves in an attitude where they were responsible for additional delay. Appellants could at least have applied to the court on the first day of the term for an order to compel the clerk to prepare the transcript, and, having failed to do so, they become responsible themselves for the additional delay. *In re Barstow,* 54 Ark. 551. Instead of applying to the court, they acquiesced in the further delay of nineteen days, and never filed any transcript at all.

It was contended in the trial below that one of the attorneys for appellee expressly consented to the delay, and stated to appellant's attorneys that any delay in filing the transcript on or before the first day would be waived, but there is a conflict in the testimony on that point, and we feel bound by the finding of the trial court.

According to the facts which the court might have found from the evidence, and which we must assume were the basis of the court's decision, there was no abuse of discretion in dismissing the appeal, so the judgment is affirmed.

WOOD and HART, JJ., dissented.