SMITH & SHOPTAW v. STANTON.

4-3009

Opinion delivered May 8, 1933.

C. C. Wait, for appellant.
Robert Bailey, for appellee.

Butler, J. The principal question argued by appellants involves the action of the trial court in refusing to dismiss an appeal prosecuted to that court from the probate court.

In the motion filed by the appellants it was alleged that J. A. Akins died in February, 1917, the owner of 159½ acres of land and personal property valued at $350. He left surviving him his widow, Mrs. Lou M. Akins, and a daughter, Mrs. Stanton, his only child and sole heir at law. J. L. Stanton, the husband of the aforesaid daughter, was appointed administrator of the estate, at what time the record does not disclose. Mrs. Akins, the widow, was allotted the lands as her dower and homestead, and occupied the same as such until her death on January 15, 1927. She purchased from the appellants a bill of lumber which was furnished at different times from the latter part of July to November, 1926, and was used by her in repairing or rebuilding a house on her homestead. She paid a part of this bill before her death, but at that time there remained unpaid a balance in the sum of $286.24. Administration was had upon her estate which appears to have been solvent, and was in the course of administration during that year. It seems that the administration of the estate of J. A. Akins had not been closed, and the appellants, being uncertain to whom they should look for payment of the balance of their account, filed two claims for the same, one against the estate of J. A. Akins and the other against the estate of Mrs. Lou M. Akins.

On the 24th day of October, 1927, the probate court acted upon both of these claims, disallowing the one filed against the estate of Mrs. Lou M. Akins and allowing the one against the estate of J. A. Akins. From the latter order the administrator of the estate of J. A. Akins made an affidavit for, and prayed an appeal on the date of the rendition of the judgment in the probate court. No appeal was taken by the appellants from the order of the court disallowing their claim against the estate of Mrs. Lou M. Akins. The appeal taken by the administrator of the estate of J. A. Akins was not lodged in the circuit court until October 22, 1928. On November

7, following, the circuit court met, and on that day the appellants filed in that court a motion to dismiss the appeal. No action was taken by the court on said motion or any proceedings had on the said appeal until November 7, 1932, a day of the fall term of the circuit court, when the appellants renewed their motion to dismiss the appeal.

In the meantime the administration of the estate of Mrs. Lou M. Akins had been concluded, and after all debts due by the estate had been paid a balance was left in the hands of the administrator which he was ordered to, and did, remit to the heir of Mrs. Lou M. Akins who resided in Rome, Georgia.

Included in the motion to dismiss was a copy of the order of the probate court just referred to approving the settlement of the administrator and directing him to pay over the balance on hand to the heirs of Mrs. Akins. From the recitals of this order it appears that there had been litigation in the chancery court between the heirs of J. A. Akins and the heirs of Mrs. Lou M. Akins, in which litigation the administrators of the respective estates were parties. A demurrer was filed to the motion to dismiss upon which the court did not act, but in its judgment rendered at that term of the court the motion to dismiss the appeal was overruled. After the recital overruling the motion to dismiss it is recited in the judgment that the attorney for the administrator moved for a trial of the issues, and the attorney for the appellants, electing to stand on his motion to dismiss, refused to plead further. Thereupon the court "proceeds to hear the issue, and the court finds that Smith & Shoptaw, appellants, did not have a *bona fide* claim against J. L. Stanton, administrator of the J. A. Akins estate, but that their claim, if any, was against the estate of Mrs. Lou M. Akins," and rendered judgment in favor of the appellee.

It is contended that the refusal of the trial court to dismiss the appeal prosecuted from the probate court was contrary to law and an abuse of the court's discretion. This contention is based on § 2262 of Crawford & Moses' Digest, which provides that all appeals allowed ten days before the first day of the term of the circuit

court next after appeal allowed shall be determined at such term, unless continued for cause, and upon our decisions construing that section and similar provisions of the statute relating to appeals from justice of the peace and county courts.

In many of those cases the action of the circuit court in dismissing the appeal for failure to prosecute the same within the time named in the statute was upheld; in others its action in refusing to dismiss the appeal was likewise upheld. This court has held that the statute impliedly imposes upon the appellant the duty of having the transcript filed at the commencement of the next term of the circuit court, where the appeal was allowed by the probate court ten days before the first day of the next term of the circuit court; that the statute is merely directory, but should not on that account be ignored, but should be followed by persons appealing. We have laid down the rule, however, that the failure to have the transcript filed within the time mentioned in the statute does not give the other party to the suit the absolute right to have the appeal dismissed, but that in each case the circuit court in the exercise of a sound discretion may or may not dismiss the appeal, and that it would be only in cases where there was an abuse of this discretion that this court would overrule the judgment of the circuit court.

The industry and research of counsel for the appellants has collected in his brief nearly all the cases of this court bearing on the question presented, which cases sustain the announcement just made. Among these cases are the following: *Miller* v. *Oil City Iron Works*, 184 Ark. 900, 45 S. W. (2d) 36; *Briner* v. *Holleman*, 115 Ark. 213, 170 S. W. 1010; *Graham* v. *Drainage District No. 11*, 161 Ark. 40, 255 S. W. 883; *Goyne* v. *Ashley County*, 31 Ark. 552; *Hughes* v. *Wheat*, 32 Ark. 292; *Wilson* v. *Stark*, 48 Ark. 73, 2 S. W. 346; *Bates* v. *Mitchell*, 96 Ark. 555, 132 S. W. 917; *Hart* v. *Lequieu*, 110 Ark. 284, 161 S. W. 201; *Geo. E. Keith Co.* v. *January*, 131 Ark. 389, 199 S. W. 89; *Miller* v. *Fearis*, 184 Ark. 859, 44 S. W. (2d) 343.

It appears from the record before us that there has been great delay on the part of both parties, the appellee

delaying the filing of his appeal and the appellants delaying the prosecution of their motion to dismiss. Just what the reasons were for this inaction is not clearly shown, but, plainly, both parties have been dilatory in the prosecution of their respective contentions before the circuit court. The appellee delayed the filing of his appeal until just within the year allowed for appeals from judgments of the probate court, and the appellants delayed nearly four years in bringing to the attention of the circuit court and pressing for its decision his motion to dismiss. It was the duty of the appellee, of course, to excuse his delay, but there is significance to be attached to the delay on the part of the appellants to press their motion for a decision, and from all the circumstances in the record before us we are unable to say that there was any abuse of the court's discretion in the judgment reached by it.

On the question of the liability of the estate of J. A. Akins, the trial court reached a correct conclusion. It is the general rule that a life tenant may not recover from the reversioner for improvements made by the former and consequently no charge for the same can be made upon the inheritance. To this general rule exceptions may, and do, arise, where to apply it would be contrary to good conscience and fair dealing. 21 C. J. 953; 17 R. C. L. 635, § 25; *Merritt* v. *Scott*, 81 N. C. 385; *Dean* v. *Feely*, 69 Ga. 804; *Pratt* v. *Douglass*, 38 N. J. Eq. 516; *Caldwell* v. *Jacob*, 22 S. W. 436, 16 Ky. Law Rep. 21-24; *Killmer* v. *Wuchmer*, 79 Ia. 722, 18 Am. St. Rep. 392; *Gambril* v. *Gambril*, 3 Md. Ch. 259.

The case at bar does not come within the exception, and the general rule stated is applicable. The judgment of the trial court is therefore affirmed.