WROUGHT IRON RANGE CO. *v.* BELL.

4-3665

Opinion delivered January 21, 1935.

*George W. Clark,* for appellant.

*George F. Hartje,* for appellee.

SMITH, J. Appellant sued appellees upon an account in the court of A. J. Moss, a justice of the peace. Judgment was rendered December 2, 1932, in favor of the

defendants. Appellant prayed an appeal in the time and manner required by law, but the justice of the peace who had rendered the judgment died on February 26, 1933, without having filed a transcript of the proceedings with the clerk of the circuit court. J. M. Adams was appointed and qualified to fill the vacancy, but he failed also to file the transcript. The next ensuing term of the circuit court after the trial in the justice court convened on the first Monday in May, 1933, and remained in session for a number of days. An adjourned term of the circuit court was convened on July 17, 1933, at which time the transcript had not been filed. On July 21, which was the last day of the adjourned term appellant filed in the circuit court a motion for a rule on Adams, the justice of the peace, requiring the justice to file the transcript. The rule was not granted, but the transcript was filed on October 9, 1933. A motion was filed to dismiss the appeal, which was not heard until the next ensuing May, 1934, term of the circuit court. A response to the motion to dismiss was filed, in which it was stated that appellant's attorney applied to Adams, the newly-appointed justice of the peace, but the latter was unable to find the papers, but after repeated inquiries the papers were finally found in a room adjoining the room occupied by Moss as his office and among a lot of disposed-of papers, and the application for the rule was made as soon as the papers were found.

Under the facts stated the question presented for decision is whether the circuit court abused its discretion in dismissing the appeal, as was done.

The statute provides that: "On or before the first day of the circuit court next after the appeal shall have been allowed, the justice shall file in the office of the clerk of such court a transcript of all the entries made in his docket relating to the cause, together with all the process and all the papers relating to such suit." Section 6517, Crawford & Moses' Digest. It is further provided by statute that: "Upon the appeal being made and allowed, the circuit court may, by rule and attachment, compel a return by the justice of his proceedings in the suit, and of the papers required to be by him returned." Section 6521, Crawford & Moses' Digest.

Many cases have arisen involving the practice under these sections of the statute, one of the earliest being the case of *McGehee* v. *Carroll*, 31 Ark. 550. It was there said that: "It was a matter of sound discretion with the court to determine whether the appeal had been prosecuted with due diligence," and, if so, the appeal would not be dismissed, although the transcript was not filed on or before the first day of the circuit court after the appeal had been prayed. This case is cited in a note to 35 C. J., page 781, chapter Justices of the Peace, dealing with the "Time for Entry and Docketing" appeals from justice courts. Upon the authority of this case and other cases there cited the rule is stated to be that an appeal from a justice's judgment must be entered and docketed within the time fixed by law, and that upon a failure so to do the appeal will, as a rule, be dismissed, unless it is shown that the failure to comply with the law was not due to any lack of diligence on the part of the party appealing, and that this is a question which is addressed to the sound discretion of the court.

In the case of *Wilson* v. *Stark*, 48 Ark. 73, 2 S. W. 346, Chief Justice COCKRILL said: "It is the appellant's duty in such a case to see that his appeal is perfected in time, and, if he relies on the justice of the peace, or upon his attorney, to see to it for him, and it is neglected, the default comes through his own want of diligence." Other cases have pointed out the provision of the statute to compel a return by the justice of his proceedings, and have held that diligence should be used in employing this statute. These cases hold also that whether there has been diligence is a question which addresses itself to the sound discretion of the circuit court, and that its action, either in dismissing the appeal or in extending time for filing, will not be reversed unless an abuse of discretion is shown. *Carden* v. *Bailey*, 87 Ark. 232, 112 S. W. 747; *Bates* v. *Mitchell*, 96 Ark. 555, 132 S. W. 912; *Hart* v. *Lequieu*, 110 Ark. 287, 161 S. W. 200; *Smith & Shoptaw* v. *Stanton*, 187 Ark. 447, 60 S. W. (2d) 183.

Under the showing here made, the court might very well have extended the time for filing the transcript; but we are unable to say that it was an abuse of discre-

tion to hold otherwise. The transcript was not filed within the time fixed by law, and, as was said by Chief Justice COCKRILL, it was appellant's duty to know whether it had been; yet no action was taken during a regular term nor until the last day of the adjourned term to prod the delinquent justice into action through the aid of the statute designed for that purpose.

As we are unable to say the circuit court abused its discretion, its judgment must be affirmed, and it is so ordered.