## DODSON v. BUTLER.

Opinion delivered July 11, 1910.

APPEARANCE—FORM OF PROCEEDING—WAIVER.—Where the parties to a summary proceeding appeared at the trial by their attorneys, and the issues of fact were without objection submitted to a court having jurisdiction, the objection as to the form of the proceeding will be treated as waived.

Appeal from Ashley Circuit Court; *J. M. Wells,* Judge; affirmed.

*Greaves & Martin,* for appellant.

The motion for restitution should have been denied. 77 Ark. 234; 13 Ark. 234; 132 N. Y. 363; 10 Wend. 355; 24 Wend. 32; 3 Denio 130; 1 Sand. 209; 29 Barb. 87; 29 Hun 18; 110 N. Y. 616; 95 Pa. St. 333; 7 J. J. Marsh. 241; 84 N. C. 215; 80 N. C. 26; 90 N. Y. 199; 6 Ill. 435; 17 Am. Dec. 99; 9 T. B. Mon. 79; 7 N. H. 485; 28 Am. Dec. 363; 139 U. S. 276.

*Turner Butler, E. O. Mahoney,* and *G. W. Norman,* for appellees.

The motion for restitution was properly granted. 78 Ark. 574; 60 Neb. 205; 82 N. W. 622; 77 Ark. 238; 13 Serg. & R. 41; 10 *Id.* 103; 2 Ves. Jr. 572; 4 Biss. 126; 6 Paige 418; 60 N. Y. S. 404; 28 Abb. N. C. 155; 65 Ark. 556.

HART, J. This is the second appeal in this case. For a detailed statement of the facts upon which the opinion in the former appeal was based, reference is made to the case of *Butler* v. *Dodson,* 76 Ark. 569.

A recapitulation of the facts is as follows: T. M. Dodson and C. W. Dodson brought an action for debt in the Ashley Circuit Court against Joseph Meehan, and also sued out a writ of attachment, which was levied upon certain personal property belonging to him.

Mrs. Malinda M. Plair intervened, claiming the property attached by virtue of a mortgage executed in her favor by Joseph Meehan. During the progress of the suit, Joseph Meehan died. His death was suggested and admitted; and Turner Butler was appointed administrator of his estate. He filed an answer to the complaint, controverting the grounds of the attachment.

Upon final hearing, the attachment was dissolved. The court rendered judgment in favor of the Dodsons against the estate of Joseph Meehan, deceased, for the sum of $1,840, and in favor of Malinda Plair against the estate of Meehan for $940; and adjudged that the money in the hands of the sheriff arising from the sale of the attached property be divided between the Dodsons and Malinda Plair in proportion to the amounts for which they recovered judgment. No appeal was taken from the order dissolving the attachment.

In disposing of the case, the court said: "After consideration of the matter, we are of the opinion that the judgment in favor of plaintiffs for $1,840 should be affirmed; that in other respects the judgment should be reversed, and the cause remanded for further proceedings to determine the amount due on the mortgage of Mrs. Plair; that, upon such amount being ascertained, the money in the hands of the court be applied to the payment of the same; and that the balance of the money, if any, be turned over to the administrator or legal representatives of Joseph Meehan, deceased."

Upon the remand of the case to the circuit court, a judgment was rendered which it is not necessary here to set out, for the reason that it was set aside on the application of the Dodsons as having been procured by fraud. Subsequently, at the January term, 1910, of the Ashley Circuit Court, the following judgment was rendered in said cause:

"T. M. and C. W. Dodson, plaintiffs, v. Turner Butler as administrator of the estate of Jos. Meehan, defendant; Malinda Plair, intervener.

"Now on this day come the plaintiffs by their attorneys, Greaves & Martin, and the defendant, Turner Butler, as administrator of the estate of Jos. Meehan, comes in person and by his attorneys, Norman & Norman and E. O. Mahoney, Esq., and the intervener, Malinda Plair, by George & Butler, Norman & Norman and E. O. Mahoney, Esq., her attorneys. And the court submits to the jury, upon the directions of the Supreme Court of Arkansas, the question of the amount due from the estate of Jos. Meehan to the intervener, Malinda Plair, upon the mortgage of said intervener; and also directs the jury to ascertain what sum, if any, was paid to the plaintiffs, T. M. Dodson & Son, by order of the court out of the fund arising from the sale of the property attached in this action. And the jury,

after hearing the evidence, returned into court the following verdict, towit:

" 'We the jury, find for the intervener, Malinda Plair, and find that the amount due her secured by the mortgage in this case is $2,591.32, with interest from the 18th day of January, 1910, at 6 per cent. per annum until paid. We further find the sum of $1,232.75 was paid to T. M. Dodson & Son by order of the court out of said fund of $1,660, arising from said attached property.　　　　　　　　　　　F. S. Cannon, Foreman."

"And thereupon the court proceeded to hear the motion of the defendant and intervener to require the defendant, Dodson, to pay the money into court; and, after hearing the evidence of witnesses and the argument of counsel, the court doth order and adjudge that the plaintiffs, T. M. Dodson and C. W. Dodson, shall, within thirty days from this date, pay into court the said sum of $1,232.75, to be distributed, after being so paid into court, according to the further order thereof to be made herein; and that the intervener, Malinda Plair, have and recover of and from the defendant, Turner Butler, administrator of Jos. Meehan's estate, judgment for the sum of $2,195.82, with 6 per cent. interest thereon from the 18th day of January, 1910, until paid."

To reverse that judgment T. M. and C. W. Dodson have appealed to this court.

The judgment recites that the respective parties were present at the trial by their attorneys. This constituted an appearance of the parties. The judgment also recites that the case was heard upon evidence, and that the issue of the amount arising from the attached property that was paid to T. M. Dodson & Son by order of the court was submitted to a jury for its determination. T. M. and C. W. Dodson having appeared to the suit, and the issues of fact involved therein having been without objection submitted to the jury for their determination upon the evidence adduced at the trial, it becomes immaterial for us to decide whether the action should have been brought by an independent suit as contended by the appellants; or whether a summary proceeding for restitution, as claimed by appellees, was sufficient. *Hawkins* v. *Taylor*, 56 Ark. 45.

The question of whether the judgment can be enforced by contempt proceedings is not presented by the record; and we do not decide that point.

The judgment will be affirmed.