## GERMAN INVESTMENT COMPANY v. WESTBROOK.

Opinion delivered November 27, 1911.

APPEARANCE—WAIVER OF JURISDICTION.—Where the defendant in an action before a justice of the peace filed an affidavit for appeal from a judgment against him rendered by that court, and also gave an appeal bond, he will be held to have entered his appearance in the circuit court and can not object to want of jurisdiction of his person in the lower court.

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk*, Judge; reversed.

*W. T. Tucker*, for appellant.

1. Where one has a cause of action cognizable before a justice of the peace against two defendants living in different counties, he may bring suit before a justice in the township of

the county in which one of the defendants resides, takes summons directed to constable of the county in which the other defendant resides, and when that summons is served the justice before whom the suit is brought has the same jurisdiction as if both defendants resided in his county.   Kirby's Digest, § 4558.

2.   When appellant filed affidavit and bond for appeal from the justice of the peace, he entered his appearance, and the circuit court erred in quashing the service and dismissing the cause as to appellee. 45 Ark. 295; 46 Ark. 251; 62 Ark. 144.

No brief filed for appellee.

FRAUENTHAL, J.   This was an action instituted by the German Investment Company, the plaintiff below, the assignee of a note, against J. F. Westbrook, the maker, and D. R. Miller, the payee and indorser thereof.   The suit was instituted before one of the justices of the peace of Pulaski County, in the township where D. R. Miller, one of the defendants, resided, and summons for J. F. Westbrook, the other defendant, was issued to the constable of Prairie County, where he resided, and service thereof was duly made upon him there in pursuance of section 4558 of Kirby's Digest.   On the return day of the summons against both defendants, neither made defense to the suit.   Judgment by confession was rendered by the justice of the peace against defendant Miller, and by default against defendant Westbrook.   Four days thereafter, defendant Westbrook filed with said justice of the peace an affidavit and bond for appeal to the circuit court from said judgment.   The transcript was duly lodged in the circuit court, which, upon motion, "quashed the service of summons had herein" on said Westbrook, and adjudged that the cause as to him should be dismissed.   From this judgment of dismissal the plaintiff has appealed.

The filing of the affidavit and bond for appeal by Westbrook was such a substantial act as to constitute an appearance by him to the suit, and gave jurisdiction over his person to the circuit court upon the appeal.   Whether or not service of the summons upon him in Prairie County, issued upon a suit instituted against him in a county not of his residence, was, under the circumstances of this case, authorized by statute, the defendant Westbrook made himself a party to the proceeding by the act of filing his affidavit and bond for appeal, and

could not thereafter object to the jurisdiction which the circuit court by this act acquired over his person. When the transcript was duly lodged in the circuit court, that court obtained jurisdiction over the subject-matter of the suit and the person of the defendant Westbrook. He could not then object in the crcuit court to the want of service of summons upon him in the justice of the peace court. He was precluded from raising the question as to whether he had been properly served with summons in the justice of the peace court by the appeal which he prosecuted therefrom to the circuit court. *Carden* v. *Bailey*, 87 Ark. 230; *Kansas City, S. & M. R. Co.* v. *Summers*, 45 Ark. 295; *Hopkins* v. *Harper*, 46 Ark. 251; *Holloway* v. *Holloway*, 85 Ark. 431; *Ball* v. *Kuykendall*, 2 Ark. 195; *McKee* v. *Murphy*, 1 Ark. 55.

The court therefore erred in ordering the cause dismissed on account of any alleged improper service of the summons on Westbrook.

The judgment is reversed, and the cause remanded for new trial.