THE LINN-McCABE COMPANY *v.* WILLIAMS.

Opinion delivered January 11, 1915.

1.  APPEAL AND ERROR—GROUND FOR REVERSAL NOT IN MOTION FOR NEW TRIAL.—A ground for reversal of a judgment of the circuit court will not be considered on appeal where it does not appear in the motion for a new trial.

2.  PLEADING—WARNING ORDER—APPEARANCE OF DEFENDANT.—The appearance of the defendant waives the defect in the proceedings of the plaintiff's failure to file an affidavit for a warning order.

3.  APPEAL—WANT OF PROCESS—EFFECT.—Taking an appeal to the circuit court from a judgment of a justice court, and the prosecution of the appeal there, operates as a general appearance on defendant's part, and such an appearance waives the want of process or any defect therein.

4.  EVIDENCE—ADMISSIBILITY—RELEVANCY—OBJECTION.—A general objection to the admission of evidence reaches only to its relevancy and competency, and not to the sufficiency of the foundation laid for its introduction.

5.  EVIDENCE—ADMISSIBILITY—OBJECTION.—An objection to the admissibility of a letter in evidence, on the ground of failure of proof of its authenticity can not be made for the first time on appeal.

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Sam Dent Bell,* for appellant.

1. No warning order was issued, nor personal service had. The record fails to show that any legal proof of publication was made of any warning order. The court acquired no jurisdiction and the circuit court had none on appeal. 87 Ark. 313; 40 *Id.* 124; 50 *Id.* 433.

2. The defendant only appeared *specially* to take an appeal and waived no errors as to jurisdiction. 77 Ark. 412.

3. The letter admitted was irrelevant and incompetent as evidence and outside this letter there is no evidence to sustain the verdict.

*Park Crutcher,* for appellee.

1. Appellant entered his appearance in justice's court and prayed an appeal, thus waiving service. 19 Ark. 484; 43 *Id.* 545; 53 *Id.* 181; 45 *Id.* 295; 46 *Id.* 251.

2. The court sitting as a jury settled the fact of appellee's indebtedness. 25 Ark. 474; 23 *Id.* 131; 40 *Id.* 168. This court will not disturb a verdict or finding of a court, if supported by any legal evidence. Cases *supra.*

McCULLOCH, C. J. The defendant (appellant) is a foreign corporation and the plaintiff instituted this action against it before a justice of the peace in Crawford County, Arkansas, to recover the amount of an alleged debt for commissions on the sale of pumps which were manufactured and placed on sale by the defendant. An order of general attachment was issued at the commencement of the action and levied on certain personal property of the defendant found in Crawford County, and a warning order was published. Judgment by default was rendered and the property was ordered to be sold to satisfy the judgment. The defendant appeared later by attorney and took an appeal to the circuit court. A trial in the circuit court resulted in a verdict in favor of the plaintiff and an appeal has been prosecuted to this court.

(1)    Defendant filed a motion for a continuance, and the action of the court in overruling the motion is urged here as one of the grounds for reversal; but as the motion does not appear in the bill of exceptions, that ruling of the court is not subject to review.

(2-3)    The principal ground urged for reversal is that the record fails to show that there was an affidavit for warning order, but the appearance of the defendant waived that defect in the proceeding and it is too late now to complain that the warning order was issued without an affidavit having been filed. Taking an appeal to the circuit court, and the prosecution of the appeal in that court, operated as a general appearance, and such an appearance waived the want of process or any defect therein.

The case was heard by the court sitting as a jury, and the only testimony adduced was that of the plaintiff himself. He testified that he commenced selling pumps for the defendant pursuant to an agreement with one Trusty, of Fort Smith, who claimed to be the general agent or State agent of the defendant. His testimony further shows that he sold a certain number of pumps, which would entitle him to the amount of commission he recovered under the court's judgment.

(4-5)    In course of the examination of the plaintiff, a letter was introduced in evidence, directed to him and purporting to be signed by the defendant. This letter is sufficient to establish a contract of the defendant with the plaintiff whereby the latter was to sell pumps in this State for a stipulated commission. There was a general objection to the introduction of the letter on the ground that it was "irrelevant, incompetent and immaterial and injurious to the rights of the defendant herein." The objection made here is that the letter was introduced without sufficient proof of its execution, but we are of the opinion that that objection comes too late. A general objection to the admission of evidence reaches only to its relevancy and competency, and not to the sufficiency of the foundation laid for its introduction. *Vaughan* v.

*State,* 58 Ark. 353; *Railway Company* v. *Murphy,* 60 Ark. 333; *Railway Company* v. *Sweet,* 60 Ark. 550. The specific objection made here should have been made to the court below in order for it to avail anything. If the objection had been made there, the plaintiff would have had an opportunity to lay the proper foundation by first proving the execution of the letter. There is no hint in the record that any question was made as to the authenticity of the letter. Therefore it would operate unjustly to the prejudice of plaintiff to permit that objection to be made now for the first time.

Judgment affirmed.