## BIXLER v. TAYLOR.

### Opinion delivered February 14, 1916.

1. APPEAL FROM JUSTICE COURT—JURISDICTION—EFFECT OF APPEAL—PARTIES.—Where a justice rendered judgment against defendant, although defendant was not properly before the court, if defendant then elected to appeal, and took the necessary action therefor, under the statute, he became a party to the proceeding, and an affidavit and prayer for appeal, filed with the justice, will constitute an entry of his appearance.

2. APPEALS FROM JUSTICE COURT—NECESSITY FOR BOND.—An appeal may be prosecuted from a judgment of a justice court without the giving of the bond named in Kirby's Digest, § 4666.

3. APPEALS FROM JUSTICE COURT—FILING TRANSCRIPT—DUTY OF JUSTICE—BOND.—When an appeal is taken to the circuit court from a justice court, by the filing of the necessary affidavit within the time fixed by the statute, the execution and filing of a bond by the party appealing is not necessary, and the justice is required to file the

transcript in the circuit court, upon the payment to him of the costs allowed by law.

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

*Hinton & Rogers,* for appellant.

1. A judgment by a court without jurisdiction is void. 105 Ark. 5. It can not be validated by revival nor by appeal. 23 Cyc. 698.

*Certiorari* is the proper remedy to quash. 73 Ark. 604; 52 *Id.* 213. An appeal not prosecuted does not bar the writ. 16 Tex. 590. Nor will an ineffectual appeal defeat the right. 2 Phila. 215; 25 Ark. 25; 3 Corpus, Juris. 352.

2. An appeal means the removal of a suit from an inferior to higher court. 72 Ark. 475. It is an entry of appearance. 31 Ark. 58; 20 *Id.* 12. The revival of a void judgment on *scire facias* gives it no validity, though defendant appears and pleads. 9 Ark. 336.

*Sellers & Sellers,* for appellees.

1. The making and filing of an affidavit for appeal in due form and time was an entry of appearance. Kirby's Dig., § 4672.

2. *Certiorari* is not a writ of right, and can not be used as a substitute for an appeal. 51 Ark. 281; 44 *Id.* 509; 61 *Id.* 605; 37 *Id.* 318; 89 *Id.* 604; 28 *Id.* 87.

3. The appeal was too late.

SMITH, J. This is a proceeding by *certiorari* to quash the judgment of a justice of the peace upon the ground that it was rendered without service having been previously had. Upon the trial in the court below there was evidence which tended to support the allegations of the petition for the writ, and there was likewise evidence to the effect that the defendant appeared by an attorney-in-fact at the justice trial and defended the suit there. There is also evidence to the effect that this attorney-in-fact had no authority to so appear.

It is undisputed, however, that after the rendition of the judgment by the justice of the peace an affidavit in proper form was prepared and filed within the time

limited by law for an appeal to the circuit court, but the justice did not file the transcript required by law for the reason, as stated by the justice of the peace, that no bond for appeal was made nor were the costs paid. This appeal was abandoned by appellant, who was the defendant below, and he now seeks by this proceeding to vacate the judgment against him.

Appellant had the right to prosecute an appeal from the judgment of the justice court, although he was not required to do so, if the allegations of his petition for the writ of *certiorari* are true. But when he elected to appeal and took the necessary action for that purpose, under the statute, he thereby became a party to that proceeding and the affidavit and prayer for an appeal, which he filed with the justice of the peace, was an entry of his appearance, and he should thereafter have prosecuted this appeal. Section 4666 of Kirby's Digest provides how any person aggrieved by any judgment rendered by a justice of the peace may take an appeal therefrom to the circuit court, and appellant, by his attorney, complied with the first two subdivisions of this section and, having done so, his right of appeal was perfected. It is true the third subdivision of section 4666 provides for the giving of a bond, upon the approval of which a supersedeas issues; but the appeal may be prosecuted without giving this bond, and the justice had no right to require the execution of this bond as a condition precedent to the filing of proper transcript with the clerk of the circuit court. When he made and filed, within the time limited by law, the necessary affidavit, appellant had done the jurisdictional things essential to an appeal and, if necessary, could have had a rule upon the justice to require the filing of a transcript, upon payment of the costs allowed by law. Having thus elected to appeal, he can not now be permitted to adopt this remedy as a substitute for the appeal he should have prosecuted.

The judgment of the court below denying the prayer that the judgment be quashed will be affirmed.