MERCER *v*. MOTOR WHEEL CORPORATION.

Opinion delivered November 19, 1928.

J. S. McKnight, for appellant.

E. L. Westbrooke and E. L. Westbrooke, Jr., for appellee.

HUMPHREYS, J.   This is an appeal from a judgment of the circuit court of Calhoun County dismissing appellants' suit against appellee to recover $87.50 for timber which it was alleged they delivered to it.  The suit was commenced before J. B. Brumley, a justice of the peace of Jefferson County, and service was obtained on appellee in the manner provided by §§ 1826 and 1829 of Crawford & Moses' Digest for serving process upon foreign corporations doing business in the State of Arkansas.

In response to the service, appellee appeared by its agent and attorney, on October 26, 1926, and announced ready for trial.  The cause was submitted by agreement to the justice of the peace, a jury being waived,

which resulted in a judgment against appellee, and an appeal was duly prosecuted to the circuit court. On January 10, 1927, the circuit court continued the case, on motion of appellee, until the July term of said court, at which time a motion was filed by appellee and sustained by the court, to dismiss the suit upon the ground that §§ 1826 and 1829 of Crawford & Moses' Digest, upon which service was obtained, were void. The sections of the statute referred to were declared void by the Supreme Court of the United States in the case of *Power Manufacturing Co.* v. *Saunders,* 274 U. S. 490, 47 S. Ct. 678.

Appellants contend that the trial court erred in dismissing their complaint, notwithstanding the invalidity of the statute, because appellee answered and went to trial in the justice of the peace court without raising any question as to the jurisdiction of its person, in appealing the case to the circuit court, and in obtaining a continuance of the cause to a subsequent term in said court.

This court is committed to the doctrine, by a long line of decisions, that taking any substantive step by defendant in an action brought against him in the courts operates as a general appearance, and waives the manner of process or any defects therein. *Hawkins* v. *Taylor,* 56 Ark. 45, 19 S. W. 105, 35 A. S. R. 82; *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743; *Dodson* v. *Butler,* 95 Ark. 617, 130 S. W. 581; *German Investment Co.* v. *Westbrook,* 101 Ark. 124, 141 S. W. 510; *Linn-McCabe Co.* v. *Williams,* 116 Ark. 307, 172 S. W. 895; *Bixley* v. *Taylor,* 122 Ark. 278, 183 S. W. 200.

Appellee argues that taking substantive steps by a defendant in a suit, or by participation in the trial thereof, only waives irregularities in a process which might be amended, and does not waive defects which vitiate or void the process *in toto.* Appellee's argument and the two early cases, one a Georgia and the other a Missouri case, cited in support of its position, are out of line with the Arkansas cases cited above.

According to the Arkansas cases, a defendant against whom a suit has been filed, whether served at all, enters his appearance generally and for all purposes by taking substantive steps therein, such as answering, obtaining a continuance, or appealing from a judgment against it from a lower to a higher court. Certainly no sound distinction can be drawn between a void process and no process at all. If a defendant may waive service entirely by participating in the trial, it logically follows that void service may be waived in the same manner.

The trial court erred in dismissing appellants' complaint on account of the void service, after appellee participated in the trial. The judgment is therefore reversed, and the cause is remanded for a new trial.