SLOAN *v.* PEOPLES LOAN & INVESTMENT COMPANY.

4-5032

Opinion delivered April 18, 1938.

*Rains & Rains,* for appellant.

*Miles, Armstrong & Young,* for appellee.

GRIFFIN SMITH, C. J. The complaint in this suit alleges that Peoples Loan & Investment Company, a corporation, and Lee G. Sims, are jointly liable to Ray Sloan for the unlawful conversion of a truck; that the corporate defendant maintains its principal place of business in Fort Smith, Sebastian county, Arkansas; that the defendant Sims is an employee and secretary-treasurer of Peoples Loan & Investment Company, and that plaintiff is a resident of Crawford county, Arkansas.

The complaint was filed in Crawford circuit court May 5, 1937. Sims was served with summons the same day. May 11 summons was served on R. C. Rhodes, agent. May 13 summons was properly served on appellee in Sebastian county.

Return of the sheriff of Crawford county is: " . . . I have duly served the within writ by delivering a copy . . . to the within named Peoples Loan & Investment Company, a corporation, by delivering a copy and stating the substance to R. C. Rhodes, agent for the said defendant company in Crawford county, Arkansas."

July 12, 1937, Peoples Loan & Investment Company filed its separate answer, and by way of cross-complaint asked that it have judgment against the plaintiff for $22.98. Sims filed separate answer.

July 21, 1937, the jury returned this verdict: "We, the jury, find for the plaintiff, Ray Sloan, against defendant, Peoples Loan & Investment Company, and assess his damages in the sum of $508.34; and we find for the defendant, Lee G. Sims."

Before judgment was rendered on the verdict there was this motion: "Comes the defendant, Peoples Loan & Investment Company, and states to the court that it was served with summons in this action in Sebastian county, Arkansas, where it resided at the time the suit was commenced and at the time the summons was served, and there it now resides. Wherefore, defendant objects to being put on trial in this cause in Crawford county, and objects to the proceedings of this court in this cause

against it, and objects to any judgment being rendered against it, because it is a resident of Sebastian county and the summons in this suit was served upon it in said county, and defendant prays an order and judgment of the court dismissing this action.''

The motion was sustained.

The only question presented by this appeal is whether the court erred in declining to give judgment against the corporate defendant on the jury's verdict.

It is urged by appellant (1) that when appellee coupled a cross-complaint to its answer and sought affirmative relief, it invoked the jurisdiction of the court; and (2) that when the answer and cross-complaint were filed summons had been served on R. C. Rhodes, agent in Crawford county, and in the absence of objection by the defendant, such service was good.

Appellee insists that it was not compelled to take notice of the service on Rhodes, and in fact ignored it; but when summons was served on its president in Sebastian county there was no alternative but to answer or suffer judgment by default, and there was not a voluntary appearance.

It is our view that the case is controlled by *Seelbinder* v. *Witherspoon,* 124 Ark. 331, 187 S. W. 325, and by the more recent case of *Harger* v. *Oklahoma Gas & Electric Company, ante* p. 107, 111 S. W. 2d 485, and cases therein cited.

In the Seelbinder case it was said: ''Section 6074 [Kirby's Digest, now § 1400 of Pope's Digest] gives the defendant who is sued upon a transitory cause of action in a county other than that in which he resides, or was served with process, the right to object to the service at any time before judgment is rendered against him, except upon the conditions therein stated, and the statute makes no exception against the defendant thus served who has filed an answer and counterclaim, and we cannot read the exception into the statute.''

The language of the statute is: ''The plaintiff shall not be entitled to judgment.'' . . .

1088

Appellant insists, however, that the action was brought under § 1152 of Crawford & Moses' Digest, now § 1369 of Pope's Digest. It is urged that the sheriff's return in Crawford county shows that Rhodes was appellee's agent.

This is not sufficient.

To have valid service under § 1369 it is necessary that the summons be served upon the agent, servant, or employee in charge of a branch office or other place of business kept or maintained by the corporation in the county of such service. In the instant case there was no allegation that appellee maintained an office or other place of business in Crawford county; nor did the sheriff's return show that the summons was served upon an agent in charge of an office or other place of business.

It will not be presumed that appellee's answer was in response to the insufficient summons, or that the cross-complaint or counterclaim was an independent action.

The judgment is affirmed.