LESTER *v.* PILKINTON AND HOWARD, JUDGES.

5-821                                            282 S. W. 2d 590

Temporary opinion delivered August 31, 1955.

[Confirmed by Court on October 3, 1955.]

*John H. Wright,* for petitioner.

*Lookadoo, Gooch & Lookadoo,* for respondent.

GEORGE ROSE SMITH, J. This application for a temporary writ.of prohibition has been presented to me during the court's summer recess. The petitioner, Mae Thomas Lester, asks that the respondents, who are the judges of the Clark Probate Court, be prohibited from making any further orders in a guardianship proceeding in which this petitioner is the assertedly incompetent person. It is the petitioner's contention that this guardianship is void (a) for want of notice to her when the proceedings were originally instituted and (b) for want of a judicial finding that she is in fact incompetent.

On November 23, 1951, when this petitioner was thirty-nine years old, the proceedings in the probate court were instituted by her daughter. On that date the court entered an order finding Mrs. Lester to be incompetent and directing that she be transferred to the State Hospital for treatment. It does not seem ever to have been contended that Mrs. Lester is insane; instead, her asserted incompetency results from alcoholism, which by statute is a basis for a finding of incompetency. Ark. Stats. 1947, § 57-601. On November 27, 1951, the court appointed Arvin A. Ross as Mrs. Lester's temporary guardian, and Ross took charge of his ward's real estate and other property.

About two weeks later the State Hospital discharged Mrs. Lester, the staff finding that she was without psychosis but that she had a schizoid personality associated with chronic alcoholism.

On February 29, 1952, the court found that the temporary guardianship should be made permanent, the

order reciting that the court had appointed three named physicians to examine Mrs. Lester and that the court was acting after having heard the testimony of these doctors. By the same order Ross was discharged as temporary guardian and C. H. Berryman was named as permanent guardian. An order of April 3, 1952, approved the temporary guardian's final accounting and directed that the estate be turned over to the permanent guardian. On June 17, 1955, the court granted Berryman's request that he be discharged and designated George S. Dews as guardian in succession. It appears from the petition and from statements of counsel in oral argument that throughout the guardianship proceeding Mrs. Lester, except for her brief confinement in the State Hospital, has been living at home with her husband. She is free to come and go as she likes. Her various guardians, however, have continuously had charge of her property, collecting rents, making sales, paying bills for her, etc. Mrs. Lester insists that she is completely competent, that she no longer indulges in the use of alcohol, and that the allegedly void guardianship proceeding should be terminated by order of this court.

In my opinion the record fails to sustain the contention that the proceedings below are void. It is true that the initial order of November 23, 1951, failed to recite that a summons or other notice had been served on Mrs. Lester; but that fact, if it was ever of importance, has long since become immaterial. In so far as the temporary guardianship is concerned, the statute permits the appointment to be made without notice. Ark. Stats., § 57-620. With respect to the permanent guardianship proceeding Mrs. Lester has undoubtedly entered her appearance. Two of the orders mentioned above— those of February 29, 1952, and June 17, 1955—recite that Mrs. Lester was present with her attorney. The petition now before me alleges: ''Petitioner has numerous times orally and by letter and twice by formal petition asked the Clark Probate Court to remove and revoke said above described guardianship orders and the order finding her incompetent, such petitions having been pre-

sented to Judge Pilkinton September 11, 1952, and to Judge Howard September 1, 1954.'' By participating in the case, in person and by her attorneys, the petitioner has undoubtedly entered her appearance if she is in fact competent. *Mercer* v. *Motor Wheel Corp.*, 178 Ark. 383, 10 S. W. 2d 852. And of course if she is incompetent then the entire theory of her present petition for prohibition fails.

Nor can it be said that there is merit in the assertion that the probate court has not made a finding of incompetency. That determination was expressly made in the order of November 23, 1951, and at least by inference was reaffirmed in the order of February 29, 1952, when the court considered the testimony of three physicians who had been appointed to examine the ward. It is insisted that the issue of competency should have been explored *de novo* when Dews was appointed as guardian in succession in 1955, for the reason that the statute provides that a successor shall be appointed ''in the same manner and subject to the same requirements as are . . . provided for an original appointment of a guardian.'' Ark. Stats., § 57-622. In my view this language is merely intended to carry forward the original requirements with reference to the guardian's qualifications, bond, and the like. Since the existence of incompetency, as originally determined, is presumed to continue until a change has been established by proof, there would be no sound reason for requiring the court on its own initiative to reëxamine the issue whenever it happened to be necessary to appoint a guardian in succession.

If this petitioner wishes to assert her restored competency as a reason for terminating the guardianship, her petition should be addressed to the trial court. Ark. Stats., § 57-643. No basis for the issuance of a writ of prohibition has been shown.

Temporary writ denied.