Murdock Acceptance Corporation *v.* Speer,
Chancellor.

5-843                                    286 S. W. 2d 485

Opinion delivered February 6, 1956.

*H. D. Dickens, James M. McHaney* and *Owens, Ehrman & McHaney,* for petitioner.

*T. O. Abbott,* for respondent.

Sam Robinson, Associate Justice.   Murdock Acceptance Corporation has filed in this court a petition for writ of prohibition questioning the jurisdiction of the Union Chancery Court in a case filed in that court by one D. E. Griffin to void for alleged usury a contract for the sale of an automobile.   The issue here is whether Murdock waived the jurisdiction of the Union Chancery Court by filing an answer to the complaint without raising the question of jurisdiction and without reserving the jurisdictional question.

On the 5th day of May, 1955, Griffin filed his complaint in the Union Chancery Court.   The summons was directed to the Sheriff of Pulaski County and was served on the defendant in Pulaski County by the Pulaski County Sheriff on the 20th day of May, 1955.   On the 9th day of June, 1955, the defendant filed in the Union Chancery Court an answer to the complaint.   The answer in no way raises as an issue the jurisdiction of the court. About two months later, on August 19, 1955, Murdock filed a motion to quash the service and dismiss the action, alleging that service was had on defendant in Pulaski County, where defendant had its sole place of busi-

ness and residence; that there had been no service on any agent of the defendant in Union County and that the Union Chancery Court had no jurisdiction to render judgment in the cause. The motion to dismiss was overruled. Murdock then filed in this court its petition for a writ of prohibition.

Ark. Stats., § 27-614, provides: "Where any action embraced in the preceding section is against a single defendant, the plaintiff shall not be entitled to judgment against him on the service of a summons in any other county than that in which the action is brought, unless he resided in that county at the commencement of the action or unless, having appeared therein, he fails to object, before the trial, to its proceeding against him." Petitioner stoutly contends that under the above statute the question of jurisdiction of the parties may be raised at any time before the trial and that such issue was raised in this case before the trial. Section 27-614 is certainly susceptible to the construction contended for by petitioner. However, this section of the statutes was originally adopted as Section 97 of the Civil Code which took effect January 1, 1869, and in a long line of cases this court has held that a general appearance will subject the defendant to the court's jurisdiction even though the suit is filed in the wrong venue. See Leflar on Conflict of Laws, page 141.

In *Mercer* v. *Motor Wheel Corporation,* 178 Ark. 383, 10 S. W. 2d 852, this court said: "This court is committed to the doctrine, by a long line of decisions, that taking any substantive step by defendant in an action brought against him in the courts operates as a general appearance, and waives the manner of process or any defects therein. *Hawkins* v. *Taylor,* 56 Ark. 45, 19 S. W. 105, 35 A. S. R. 82; *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743; *Dodson* v. *Butler,* 95 Ark. 617, 130 S. W. 581; *German Investment Co.* v. *Westbrook,* 101 Ark. 124, 141 S. W. 510; *Linn-McCabe Co.* v. *Williams,* 116 Ark. 307, 172 S. W. 895; *Bixley* v. *Taylor,* 122 Ark. 278, 183 S. W. 200." And the court further said: "According to the

Arkansas cases, a defendant against whom a suit has been filed, whether served at all, enters his appearance generally and for all purposes by taking substantive steps therein, such as answering, . . . Certainly no sound distinction can be drawn between a void process and no process at all. If a defendant may waive service entirely by participating in the trial, it logically follows that void service may be waived in the same manner.''

Petitioners cite *Sloan* v. *Peoples Loan and Investment Company*, 195 Ark. 1085, 115 S. W. 2d 833, as authority for the proposition that the question of the jurisdiction of the court may be raised at any time before judgment even though there has been a general appearance by the one raising the question. Ark. Stats., § 27-614, on which petitioner relies, was not involved in the *Sloan* case. That was an action where a non-resident of the county was sued along with a resident of the county. There was a verdict in favor of the local resident and a verdict against the non-resident. Before the judgment was entered, the Peoples Loan and Investment Company —the non-resident—on the strength of Ark. Stats., § 27-615, filed an objection to a judgment being entered against it. Ark. Stats., § 27-615, provides that non-resident defendants may object to a judgment being entered against them where there had been a verdict for the resident defendant. Hence the *Sloan* case is not in point with the situation presented here.

By filing a general denial, without reserving the question of jurisdiction, the defendant waived the jurisdiction of the court as to the parties and the petition for prohibition is therefore denied.